Daniel *v.* Coal Co.

DANIEL *v.* COAL CO.

(*Knoxville.* October 13, 1900.)

1. REVIVOR. *Writ of error or appeal lies without.*

From a judgment abating an action on account of the plaintiff's death, appeal or writ of error lies without revivor, and in the name of the deceased plaintiff, upon a bond bearing his signature, appended after his death, in those cases for personal injuries, controlled by the statutory provision that "if the deceased had commenced an action before his death, it shall proceed without revivor." (*Post, pp. 471, 472.*)

Code construed: ¿ 4028 (S.); ¿ 3133 (M. & V.); ¿ 2293 (T. & S.).

2. ACTIONS. *For personal injuries survive, when.*

Where a plaintiff commences an action for personal injury, and dies during its pendency, it may proceed, "without a revivor," in the name of the deceased plaintiff; but, to justify a recovery therein, it must be shown on behalf of the plaintiff (1) that plaintiff died of the injury for which his suit was brought; (2) that he left a widow or next of kin. (*Post, pp. 472–477.*)

Code construed: ¿¿ 4024–4028 (S.); ¿¿ 3129–3133 (M. & V.); ¿¿ 2290–2293 (T. & S.).

Cases cited: Railroad *v.* Lilly, 90 Tenn., 564; Trafford *v.* Express Co., 8 Lea, 97; Chambers *v.* Porter, 5 Cold, 276; Collins *v.* Railroad, 9 Heis., 841; Railroad *v.* Pitt, 91 Tenn., 86.

3. SAME. *Same.*

But it seems that an action for personal injuries may be revived in the name of a personal representative, and prosecuted for the benefit of the estate after the plaintiff's death, even where he died from some cause other than the injury sued for, and without widow or next of kin, under the statute which provides that "no civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." (*Post, pp. 477–479.*)

Code construed: ¿ 4569 (S.); ¿ 3560 (M. & V.); ¿ 2846 (S.);

Daniel *v.* Coal Co.

4. SUPREME COURT. *Presumes judgment below correct:*

This Court conclusively presumes that the judgment of the lower Court is correct upon the proof, when there is no bill of exceptions. (*Post, p. 477.*)

Case cited: Pratt *v.* Gillespie, 97 Tenn., 217.

FROM KNOX.

Appeal in error from Circuit Court of Knox County. JOSEPH W. SNEED, J.

INGERSOLL & PEYTON for Daniel.

LUCKY, SANFORD & FOWLER, HENDERSON and JOUROLMON for Coal Co.

CALDWELL, J. In the year 1893 Evan Daniel brought this action to recover damages from the East Tennessee Coal Company for personal injuries which it was alleged to have wrongfully and negligently inflicted upon him in the year 1892. He obtained three verdicts, one of which was set aside by the trial Judge and two by this Court. After the second remand the plaintiff died, and his death was suggested and admitted on the first day of March, 1899, nearly seven years after the alleged infliction of the injuries sued for.

At the third succeeding term the Circuit Judge ordered that the suit be discontinued and abated

because no steps for a revivor had been taken. To reverse that action the writ of error now before the Court is brought in the name of Evan Daniel, deceased, upon the theory and contention that his suit survived under the statute (Code, § 2293; M. & V., § 3133; Shannon, § 4028), and might by virtue thereof be prosecuted to final judgment without revivor.

The defendant enters a preliminary motion to dismiss the writ of error for the reason that it is prosecuted in the name of the deceased plaintiff, and on a bond in his name as principal obligor.

The statute mentioned provides that a pending suit of the kind contemplated shall proceed after the plaintiff's death without revivor, which means not only that such suit may be prosecuted to final judgment in the lower Court without revivor, but also that, after adverse judgment there, it may be brought into this Court by appeal in error or by writ of error, without revivor, and in the name of the deceased plaintiff. Consequently the motion here made to dismiss this writ of error is not sustainable upon the grounds therein recited, and the case properly stands for hearing on the writ of error as presented.

Is this suit of the class contemplated by that statute?

The artificial common law rule, *actio personalis moritur cum persona,* prevailed in this State until

modified by Chapter 17 of the Acts of 1851-1852 (*Railway Co.* v. *Lilly*, 90 Tenn., 564; *Trafford* v. *Adams Express Co.*, 8 Lea, 97; *Chambers* v. *Porter*, 5 Cold., 276; *Collins* v. *Railroad Co.*, 9 Heis., 841), which, with some transposition and change of phraseology, appeared as § 2291 in the Code of 1858. To facilitate the remedy saved by that section (*Chambers* v. *Porter*, 5 Cold., 277), the codifiers added §§ 2292 and 2293. The former two sections were amended by Sections 1 and 2 respectively of Chapter 78 of the Acts of 1871. Section 2291, as so amended and carried into subsequent compilations, is as follows: "The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors." M. & V., § 3130; Shannon, § 4024.

Section 2292 and its amendment are carried into subsequent compilations in separate sections. The original section is as follows: "The action may be instituted by the personal representative of the deceased; but if he declines it, the widow and children of the deceased may, without the

Daniel *v.* Coal Co.

consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs unless he sign his name to the prosecution bond." M. & V., § 3131; Shannon, § 4026.

The amendment, as compiled, is in these words, namely: "The action may also be instituted by the widow in her own name, or if there be no widow, by the children." M. & V., § 3132; Shannon, § 4027.

Section 2293, which is the one most directly affecting the present case, remains unchanged. It is in the language following: "If the deceased had commenced an action before his death, it shall proceed without a revivor. The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property." M. & V., § 3133; Shannon, § 4028.

These four sections were in full force and virtue when Evan Daniel received his injuries, and they are so now. By them the pending controversy is to be decided.

Obviously the last of them refers to the same class of actions as the other three. The object of the first enactment was to preserve to the widow and next of kin of a person dying from the wrongful act of another, the benefit of the

cause of action which would have followed that act if death had not ensued, and the subsequent enactments were made in furtherance of that single object.

Death from wrongful act, and existence of widow or next of kin are the two controlling facts; and they must co-exist in every instance. When either of them is lacking, no one of these statutory provisions is applicable. If the person wrongfully injured by another commences his suit for damages while living, he does so under the general law; and if he dies from the injury sued for before judgment, leaving a widow or next of kin, his suit survives, and may proceed to judgment under the last quoted provision of the statute (Code, § 2293; M. & V., § 3133; Shannon, § 4026) without revivor. But if either of these essential elements—death from wrongful act and existence of designated beneficiary—be wanting, that provision does not authorize the prosecution of a deceased plaintiff's suit without revivor; nor indeed does it authorize the revivor of such a suit. Like the other quoted provisions (Code, §§ 2291, 2292; M. & V., §§ 3030, 3031, 3032; Shannon, §§ 4025, 4026, 4027) it applies only to the action possessing both of those elements.

Hence, if Evan Daniel died of the injuries for which he sued in this case, and if, in addition, he left a widow or next of kin, his suit was entitled to proceed to final judgment without

revivor, otherwise it was not entitled to so proceed.

Since the statute authorizes a recovery only when both of these facts exist, the burden of showing their existence in the Court below was, undoubtedly, upon the person or persons seeking to have the suit proceed after the death of the plaintiff. It has been so ruled as to a suit commenced after the death of the injured person (*Railroad* v. *Pitt,* 91 Tenn., 86, 92), and the reason for the requirement is the same in each instance. In the case cited, the Court, referring to M. & V., §§ 3130, 3131, 3132 (Shannon, §§ 4025, 4026, 4027), said: "To authorize a recovery under the statute before us, two facts are essential in every case; first, a wrongful act by the defendant causing death; secondly, the existence of a widow, child, or next of kin of the deceased to take the recovery. If either of these facts be wanting, the plaintiff must inevitably fail in his action. One fact is as important as the other, and both must be shown before a recovery can be had. Though there be widow, child, or next of kin surviving, the plaintiff must fail if the injury resulting in death was not caused by the wrongful act of the defendant, for in that case the deceased himself had no 'right of action.' Or if the death resulted from the wrongful act of the defendant, and the deceased left no widow, child, or next of kin, the plaintiff must as cer-

tainly be defeated, because that case would not come within the statute." 91 Tenn., 92, 93. To the same effect is *Railway Co.* v. *Lilly,* 90 Tenn., 563, 566.

The record before the Court contains no evidence on either of these questions, or any other question; there is no bill of exceptions. In this situation it must be assumed either that those seeking to have the suit proceed after the death of Evan Daniel made no proof at all, or that such as they did make failed to establish the two facts which have been seen to be indispensable to a recovery in a case of this character; and from the one assumption or the other, it follows unavoidably that the judgment abating and discontinuing the suit must be affirmed. In the absence of a bill of exceptions it is conclusively presumed in this Court that the proof before the Circuit Court justified the judgment there rendered. *Pratt* v. *Gillespie,* 97 Tenn., 217, 219, and citations.

Although the particular statute invoked in support of this writ of error contemplates and embraces no case in which it does not appear that the deceased plaintiff died from the effects of the wrongful act for which he sued, and also that he left widow or next of kin, and although this statute furnishes no authority for the further prosecution of a deceased plaintiff's suit that does not possess both of those elements, either without

or with revivor, there was nevertheless ample remedy for the continued prosecution of the present case wanting in those elements as it seems to be. There is another statute under which this suit could have been revived in the name of ·the personal representative of the deceased plaintiff for the benefit of his estate, though his death may have resulted from an independent cause, and though he may have died · without either widow or next of kin surviving. The latter statute is in these words, viz.: "No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." Code, § 2846; M. & V., § 3560; Shannon, § 4569.

Shannon in his compilation rightly refers to Chapter 77 of the Acts of 1836 as the origin of this provision, but the exception incorporated · in the original Act was more comprehensive than that found in the codification above quoted, including as it did "actions for wrongs affecting the person," as well as those for "wrongs affecting the character" of the plaintiff. The original Act left actions for injuries to the person within the common law rule of abatement upon the death of the plaintiff, and, as stated in a former part of this opinion, and in cases cited, that rule prevailed in full force in this State until the passage of the Act of 1851-52, Chapter 17. The ex-

Daniel *v.* Coal Co.

ception appearing in the Act of 1836, referred to, was narrowed by the codifiers in 1858, and it first took effect in its narrower form with the adoption of the Code in that year.

Let the judgment be affirmed.