## McDonald *v.* City of Nashville.

### (*Nashville.*   December Term, 1904.)

1. **ABATEMENT.** Death of plaintiff abates personal injury suit after two terms without revivor by administrator.

   An action for damages for personal injuries brought by the injured party will abate when two terms of court have elapsed since the death of the plaintiff and there has been no revivor in the name of the administrator, in the absence of a showing that no one will administer, or that plaintiff died of the injuries for which he sued.

   Code cited and construed: Secs. 4569-4571 (S); secs. 3560-3562 (M. & V.); secs. 2846, 2847, 2849 (1858).

2. **REVIVOR.** None by heirs or next of kin unless no one will administer.

   And such suit cannot be revived in the name of the heirs at law or next of kin, unless it is shown that no person will administer on the estate of the deceased.

   Case cited and approved: Preston v. Golde, 12 Lea, 267.

3. **SAME.** Cannot proceed in name of deceased unless he died of injuries sued for.

   And such suit cannot be revived, or proceed, in the name of the deceased plaintiff himself, unless it appear affirmatively that he died of the injuries alleged to have been inflicted upon him.

   Case cited and approved: Daniel v. Coal Company, 105 Tenn., 470.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County. —J. A. CARTWRIGHT, Judge.

BRIEN & NOBLE, for McDonald.

K. T. MCCONNICO and HILL MCALISTER, for City of Nashville.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the circuit court of Davidson county on the 11th day of September, 1897, to recover damages for injury alleged to have been inflicted upon the plaintiff on the 12th day of September, 1896, produced by fright to the team attached to the conveyance in which the plaintiff was seated, received from steam emitted from a road roller or crusher which was at work on one of the streets of the city. A trial was had in the court below, which resulted in a verdict in favor of the city. From this judgment the plaintiff in error has appealed and assigned errors.

There is, however, a preliminary point made by defendant in error, which is conclusive of the case, and supersedes the necessity of our going into a special consideration of the errors assigned.

It appears that the case has been pending for several years, and has once before been to this court on appeal. After all of the issues had been made up, and after the previous appeal of this case, and more than six years after the alleged injury, McDonald died. His death was suggested and admitted of record on April 2, 1903. On this date an order went down purporting to revive the suit in the name of W. W. Meacheam and wife, Mary

E. Trimier McDonald, Wm. L. McDonald, P. S. Hallick and wife, and Brown McDonald, as being the representatives and next of kin of the deceased. It does not appear from the record that J. G. McDonald died of the injuries received; on the contrary, it is to be inferred from the evidence that he died from some other cause.

The cause was never revived in the name of any administrator of the deceased, nor is the absence of such administrator in any way excused or accounted for in the record.

Under this condition of the record, when the case was called for trial on June 9, 1904, more than three terms of court having elapsed between the suggestion and admission of record of the death of the original plaintiff and the date of the trial in June, 1904, the defendant city presented these facts by special plea, and after this was overruled then the city moved that the cause be abated because there had been no revivor in the name of the administrator within the time required by law. The court below overruled the plea and also the motion.

The action of the court in overruling the motion for abatement was erroneous. Under the facts stated, the case could proceed only in the name of the administrator of the deceased.

The sections of the Code bearing upon the questions are as follows:

"Sec. 4569. No civil action commenced, whether founded on wrongs or contract, except actions for

wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived.

"Sec. 4570. The intervention of a term between the death of a party and the qualification of a personal representative, shall not work an abatement or discontinuance of the suit; nor shall the suit abate or discontinue for the death of either party, until the second term after the death has been suggested or proved or admitted, and entry made to that effect.

"Sec. 4571. If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent."

In *Preston* v. *Golde,* 12 Lea, 267-275, it is held that, where the action should properly proceed in the name of an administrator, it cannot be revived in the name of the heirs at law, unless some reason is shown why the revivor was not made in the name of the administrator; that is, unless it is shown that no person will administer on the estate of the deceased pursuant to the terms of section 4571, supra. In *Daniel* v. *Coal Company,* 105 Tenn., 470, 58 S. W., 859, it was held that the action could not be revived in the name of the deceased himself, or proceed in that name, unless it appeared affirmatively that the latter died of the injuries alleged to have been inflicted upon him.

It results that there must be a judgment entered abating the action on the ground stated