## BURNETT *v*. LAYMAN.*

### (*Knoxville*.  September Term, 1914.)

1. **ABATEMENT  AND  REVIVAL.**  Persons  in  whose  name action  may  be  revived.

   Under Shannon's Code, sec. 4579, providing that a suit, which has abated by the death of either party, may be revived by or against the heir, personal representative, guardian, or assign, who may be legally entitled to decedent's place in the subject-matter of the litigation, where, after a judgment for defendant, in an action for malpractice, was affirmed by the court of civil appeals, plaintiff died, his widow and next of kin had no interest in the subject-matter of the litigation, entitling her to have the cause revived in her name, and to prosecute *certiorari* to the Supreme Court, as plaintiff's personal representative was his successor in interest, and the suit should have been revived in his name.  (*Post, p.* 425.)

2. **ABATEMENT  AND  REVIVAL.**  Death of party.  Actions for malpractice.

   Under Shannon's Code, sec. 4569, providing that no civil action, whether founded on wrongs or contracts, except actions for wrongs affecting the character of plaintiff, shall abate by the death of either party, but may be revived, and section 4579, providing that a suit which has abated by the death of either party may be revived by or against the person legally entitled to the decedent's place in the subject-matter of the litigation, an action for malpractice did not abate upon plaintiff's death from a cause other than the wrongful act of defendant; sections 4025-4029, relative to actions for death by wrongful act having no application.  (*Post, pp.* 425-430.)

   Code cited and construed:  Secs. 4569, 4575, 4579 (S.)

   Cases cited and approved:  Daniel v. Coal Co., 105 Tenn., 470; Posey v. Posey, 113 Tenn., 588.

---

*On the question whether statutory action for wrongful death survives to personal representatives of original beneficiary, see note in 24 L. R. A. (N. S.), 844.

Burnett v. Layman.

FROM KNOX.

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Von A. Huffaker, Judge.

W. F. Black, for plaintiff.

Frank Sanders, for defendant.

Mr. Justice Faw delivered the opinion of the Court.

On a former day of the present term of this court the petition of Manda Burnett, as "widow and next of kin" of Marion P. Burnett, the plaintiff below, for a writ of *certiorari* to the court of civil appeals, was dismissed.

This suit was originally brought in the circuit court of Knox county to recover damages from R. B. Layman, a physician, for alleged malpractice. The circuit court directed a verdict for defendant, and entered judgment in his favor, and the court of civil appeals affirmed that judgment. Susbequent to the entry of judgment in the court of civil appeals, but during the same term of that court, the death of the plaintiff, Marion P. Burnett, was suggested and admitted, and the cause was revived in the name of Manda Burnett, "as widow and next of kin" of the deceased plaintiff.

We held, at the time the dismissal of the petition was ordered, that we were precluded from a consideration of the merits of the case, because Manda Burnett, as widow and next of kin of the deceased, had no such interest in the subject-matter of the litigation as would entitle her to prosecute this suit.

It was said in the memorandum opinion filed at that time that the suit did not abate upon the death of Marion P. Burnett, the plaintiff below, but survived by virtue of the provisions of section 2846 of the Code (Shan. Code, sec. 4569). We also said that the statutes governing an action in case of *death by wrongful act* (Shan. Code, secs. 4025-4029) have no application to the present case, but that it falls within the terms of Shan. Code, sec. 4579, which provides that "suit abated by the death of either party, may be revived by or against the heir, personal representative, guardian, or assign, as the case may be, who may be legally entitled to the decedent's place in the subject-matter of the litigation," and that the personal representative is in the present case the successor in interest of the deceased plaintiff, or, in other words, the one "legally entitled to the decedent's place in the subject-matter of the litigation," and the suit should, therefore, have been revived in his name. And in support of our construction of Code, sec. 2846 (Shan. Code, sec. 4569), we cited *Daniel* v. *Coal Co.,* 105 Tenn., 470, 58 S. W., 859.

Since our former opinion was handed down, a petition has been filed on behalf of R. B. Layman, styled

"petition of defendant for reconsideration of the opinion in this case," in which the petitioner therein does not complain of the judgment of this court dismissing the petition for certiorari filed by Manda Burnett, but asks for a reconsideration of that part of the opinion wherein it was held that the action brought by the plaintiff below did not die with him, but was subject to revivor in the name of the personal representative of said decedent.

It is insisted by petitioner Layman that the opinion of this court in the case of *Posey* v. *Posey*, 113 Tenn., 588, 83 S. W., 1, overrules the earlier case of *Daniel* v. *Coal Co.*, supra, on the point that, by virtue of Shan. Code, sec. 4569, an action for personal injuries commenced in the lifetime of the injured person may, in the event of his death pending the suit, be revived in the name of the personal representative of such deceased plaintiff, though his death may have resulted from a cause other than the wrongful act of the defendant to the suit.

The case of *Posey* v. *Posey*, supra, was not called to our attention and was not considered in connection with our former opinion in this case. The case of *Daniel* v. *Coal Co.*, supra, is not cited in the opinion in *Posey* v. *Posey*, and there is no indication in the latter opinion of a purpose to overrule or modify the opinion in *Daniel* v. *Coal Co.*, in any respect. The case of *Posey* v. *Posey* was an inquisition of lunacy. In the county court the jury found that defendant was a person of unsound mind, and judgment was entered ac-

cordingly.   The defendant thereupon appealed to the
circuit court, where the judgment of the county court
was reversed, and the petitioner appealed to this court.
Pending the appeal to this court, the alleged lunatic
died, and his death was suggested in this court, and a
motion made here to revive the case against the ad-
ministrator of the estate of the deceased.   The admin-
istrator resisted this motion, and entered a counter
motion that the case be abated, on the ground that the
cause of action did not survive the death of the de-
fendant.   It is stated in the opinion in that case that
the sole question before the court was whether the suit
could be revived for any purpose whatever—it being
conceded that, in so far as the mental condition of the
deceased defendant was involved, his death put an end
to that question, but it was insisted that, as costs had
accumulated in the progress of the cause, which, in the
reversal of the case by the circuit court, had been ad-
judged against the petitioner and his sureties, they
had a right to have the case revived, in order that they
might have the judgment of this court upon the rever-
sal ordered by the circuit judge.   It was there sought
to predicate the right to a revivor upon sections 4569
and 4575, Shannon's Code. Section 4569 is as follows,
viz.:

"No civil action commenced, whether founded on
wrongs or contracts, except actions for wrongs affect-
ing the character of the plaintiff, shall abate by the
death of either party, but may be revived."

And section 4575 provides:

"No appeal or writ of error in any cause or court shall abate by the death of either plaintiff or defendant, but may be revived by or against the heir, personal representative, or assign, under the foregoing rules."

It was urged that these sections were broad enough to cover the case, and should be so construed as to give the petitioner and his sureties an opportunity for a review of the judgment which taxed them with the costs of the cause. In response to this contention, this court said, viz.:

"Sections 4569 and 4575, relied on by petitioner, are parts of article 2 of chapter 7 of Shannon's Code. This chapter is entitled 'The Abatement of Actions.' Section 4568 constitutes article 1 of this chapter, and is in these words: 'Actions do not abate by death, marriage or other disability of either party, or by the transfer of any interest therein if the cause of action survives or continues.' Immediately following is article 2, entitled 'By Death of Parties,' and in this article are found the two sections relied upon in this motion to revive. We think all the sections of that article are to be construed in the light afforded by section 4568, just quoted, and whether the particular action survives or abates, in whatsoever court it may be, depends entirely upon whether the cause of action survives or continues. If the cause of action does not survive, then the suit abates. It is clear that the cause of action in the present case does not survive, and it follows, we think, necessarily, that this motion to re-

vive is not well taken. The motion to abate is sustained.''

In order to arrive at the meaning of the opinion in *Posey* v. *Posey,* above quoted, the point there in judgment should be kept in mind. It was conceded that, in so far as the mental condition of the deceased was involved, his death had put an end to that question, and this was, in effect, nothing less than a concession that the *cause of action* did not survive the death of the defendant, but died with him. This being true, the court properly held that, construing sections 4569 and 4575 in the light of section 4568, the former two sections did not have the effect to preserve, and authorize the revivor of, an ''action commenced,'' or ''appeal or writ of error in any cause or court,'' in any case where the cause of action was inherently incapable of survival, such as that there involved, viz., an inquisition of lunacy.

We do not think that the opinion in *Posey's Case,* when properly construed, is in conflict with the holding of *Daniel* v. *Coal Co.,* supra, or with our former holding in the present case of *Burnett* v. *Layman.* A re-examination of the question brought to our attention by the petition herein has confirmed us in the opinion formerly expressed. The petition will be dismissed, at the cost of petitioner.