EDITH BROWN and JAMES BASHAM v. CORA ELLISON, Administratrix.

Eastern Section.  July 24, 1926.

Strang & Fletcher, of Chattanooga, for plaintiffs in error.
Shepherd & Cardin, of Chattanooga, for defendant in error.

SNODGRASS, J.  This case grew out of an automobile collision with a little boy between eleven and twelve years old, named Roy Ellison, the son of Cora Ellison, the administratrix, for whose benefit the suit is prosecuted.  The collision resulted in the death of the boy, who lived a short time, but died as a result of the injuries.

The declaration contained two counts, the second of which predicated the negligence upon the alleged incompetency of the driver of the car, but at the hearing it was conceded that this count was not sustained by the proof, and it went out.

Edith Brown was the owner of the car and was riding in the back seat at the time of the accident with one of her children, a nineteen year old girl. James Basham, the father of the said Edith was driving the car, and the liability is based upon his alleged negligence as the proximate cause of the injury.

On the trial before the court and jury the plaintiff below, who sued for $25,000 as damages, obtained a verdict and judgment for $10,000. On the motion for a new trial this sum, on pain of a reversal, was required to be reduced to $7,500. This sum was accepted and the motion for a new trial was thereupon overruled. The defendant appealed and has assigned the following as errors:

"I. The court committed an error deeply prejudicial to the defendants below in his charge to the jury in that he stated in his charge this:

" 'Now the plaintiff insists . . . that they came around there on the left hand side of the street and proceeded up the hill and met the boy and that the boy undertook to avoid the accident by turning his wagon towards the left and ran across the street there over toward the left hand side of the street and that these defendants also turned their car about that time over to that side of the street and ran over the boy and knocked him down and inflicted upon him injuries from which he afterwards died after suffering considerable pain and suffering.'

"Further, in his charge, the court said:

" 'You can take into consideration also in fixing the value of the life of the deceased any mental or physical pain the deceased may have suffered from the time he was injured until the time he died, and let your verdict be for reasonable compensation, for the cash value of the life of the deceased.'

"There was no allegation in the declaration made by plaintiff below that plaintiff's intestate died after considerable pain and suffering; neither was there any proof of any pain or suffering; so that the court directed the jury to find as an element of damage, in event they found for the plaintiff, an element which was not plead nor proved." .

"II. The verdict of the jury was so excessive as to evince passion, prejudice, caprice or ignorance on the part of the jury."

There were two theories as to how the accident occurred. Under the one asserted by the plaintiff below there would have been a liability. Under that of the defendants below there would perhaps have been none. At any rate the errors assigned do not impeach the judgment in toto, but go rather to the amount of the judgment as embracing an element of damages which it was insisted the pleadings do or did not involve, and was so excessive as to indicate passion, prejudice or caprice upon the part of the jury.

We think, under the statute and the case of Davidson-Benedict Co. v. Severson, 109 Tenn., 572 and the authorities there reviewed, that the declaration was sufficiently specific to authorize the submission to the jury the question as to whether or not there had been any mental and physical suffering, even though it was not averred in express terms.

The declaration did aver, with reference to the injury and its effects, that it was wrongful, and that as the deceased ''was about to mount the sidewalk at a driveway in his effort to escape, the said automobile struck him and his coaster and inflicted such injuries that he died within a short while.''

The suit is by the administratrix, and the statute itself superadds and gives direction as to what damages are recoverable. The Act of March 26, 1883, being Chapter 186 of the Acts of that year quoted in the 109 Tenn. case, supra, provides as follows:

''Be it enacted by the General Assembly of the State of Tennessee, that where a person's death is caused by the wrongful act, fault or omission of another, and suit is brought for damages as provided for by Sections 2291 and 2292 of the Code of Tennessee, and as provided for by the Act approved December 14, 1871, Ch. 78, entitled an act to amend Sections 2291, 2292 of the Code of Tennessee, the party suing shall, if entitled to damages, have the right to recover damages for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damage resulting to the parties for whose use and benefit the right of action survives, from the death consequent upon the injuries received.''

In the case of Railroad v. Wyrick, 99 Tenn., 511, our Supreme Court, through Judge McAlister, said:

''Under our Act of 1883, damages for the mental and physical suffering, loss of time, etc., of the deceased are also recoverable, and are superadded to the pecuniary damages sustained by the widow or next of kin.''

This case was reviewed with approval in the case of Davidson-Benedict Co. v. Severson, supra.

It may be true that had either the declaration or the proof made it to appear that the deceased was killed instantly, it would have been improper to have submitted the question of any mental and physical suffering to the jury. But what is meant is, that it appearing both from the declaration and the proof that the deceased lived a short while after the injury, the statute itself, giving directions as to what damages are recoverable, aids any infirmity of the declaration and authorizes such recovery, if as indicated the declaration or the proof does not preclude it; the controlling factors as stated by Judge Caldwell in the case of Daniel v. Coal Co., 105 Tenn., 470, also reviewed in Davidson-Benedict Co. v. Severson, supra, being "death from wrongful act and existence of widow or next of kin."

As to how the statute intervenes to cure infirmities, thus becoming part of the declaration, is illustrated in the case last referred to, which proceeded to judgment without a revivor after the death of the injured party who had brought the suit, by virtue of section 2293 of Shannon's Code. A number of other cases illustrative of the efficacy of the statute are reviewed in said 109 Tennessee case, among them being the case of Collins v. Railroad, 9 Heisk., 841, where the suit was brought by the widow for the killing of her husband. The plaintiff below obtained judgment and the railroad appealed. It was insisted that there was error in the charge of the court, "to the effect that in this action the jury could award damages to the children as well as the widow, when the declaration is only on behalf of the widow." Upon this point the court said:

"It will be seen from section 2293 of the Code that the law itself gives direction to the recovery in such cases. The widow and children are the beneficiaries of the action; and this stands unrepealed and unaffected by any subsequent legislation. The recovery in this case, there being several children, inures to the benefit of the widow and the children to be distributed as personal property, in the language of the statute. . . . In any case where there are children, and the action is brought by the widow or the administrator, the law itself disposes of the recovery to the use and benefit of the widow and children. We see no error in the charge on this subject."

Also in the case of Railway v. Davis, 104 Tenn., 442 (reviewed in said 109 Tenn., case, at page 606), a case brought by the widow for her own use and the children were not mentioned in the declaration as beneficiaries, the court below, notwithstanding the form of the declaration, charged the jury that plaintiff had a right to recover such pecuniary damages as resulted to her or the

children, for whose use and benefit action was brought. Upon objection to this portion of the charge the court, speaking through Judge McAlister, said:

"It is insisted that as the declaration makes no mention of the children, and the suit was brought solely for the widow, evidence of the number of children was improperly admitted, and that the court erred in instructing the jury that the plaintiff could recover such damages as resulted to her or her children. There was no error in this action of the court. In Collins v. East Tennessee Virginia & Georgia Railway Co., 9 Heisk., 641, it was held, viz.: 'In any case where there are children, when the action is brought under the Code, either by the widow or the administrator, the children are not necessary parties. The recovery inures to the benefit of the widow and children and will be distributed as personal property.' The court in that case also said: 'It is further insisted that there is error in the charge of the court to the effect that in this action the jury could award damages to the children as well as the widow, when the declaration is only on behalf of the widow. It will be seen from the Code that the law itself gives direction to the recovery in such cases. . . . In an action for damages for an injury causing death brought for the benefit of the widow or next of kin of the deceased, evidence of the number and ages of the children of the deceased is competent.' "These authorities are conclusive of this question, and it results that the judgment must be affirmed."

We think by a parity of reasoning that, in this class of cases, the declaration not precluding it, the law supplies the place of an express allegation that there was mental and physical suffering; and the fact, as appears in the proof, that when they got to him after the injury he was sitting up, and was taken to the hospital, and that in a short while he died from the injuries, are such facts and circumstances from which the jury might have reasonably inferred that he suffered mental and physical pain, and that, therefore, in such status of the proceedings, the court was not in error in telling the jury that they might consider any mental or physical pain the deceased may have suffered from the time he was injured until the time he died. Nor do we think he was in error in any other statement in the excerpt quoted and criticized, for taken in connection with the statute it was substantially and sufficiently alleged that he "died after suffering considerable pain and suffering." The first assignment is therefore overruled.

As to the second assignment, that "the verdict of the jury was so excessive as to evince passion, prejudice, caprice or ignorance on the part of the jury," we do not think it is sustained. This

verdict was for ten thousand, which was required to be reduced to $7,500, with which the Circuit Judge was satisfied, and so are we. The boy lacked only three days of being twelve years of age, and lived with his mother and another little brother who was younger. The mother was divorced from her husband and the children had been awarded to her. She had not heard from the husband in some time and his whereabouts were unknown. The mother was working and living alone with her two children, the younger being a boy of eight years. The deceased was going to school, was a strong, good sized, healthy boy and seemed, from riding on his coaster, to be imbued with that spirit which gives promise of a useful activity. He had reached the point where he could be of some service, and without the intervention of untoward circumstance there was the reasonable expectation of a long life, whose pecuniary value was left to the sound judgment and discretion of the jury.

In the case of Railroad Co. v. Stacker, 86 Tenn., 343, it was said: "In the adjustment of these questions, of course, the value of the life must be, in reasonable aspects, estimated, and in that connection there are some practical rules to be applied, which are sometimes called 'cold calculations,' because they require a dispassionate estimate of the real condition and expectation of life at the time of the injury. By whatever term, however, they may be designated, they are just, and, so far as it is practicable to do so in so delicate and difficult a question, are intended to arrive at justice. The age, condition, capacity of earning money, and expectation of life are all to be considered; and not only considered, but given due weight in arriving at what is a fair and just result."

In the case of Railroad v. Spence, 93 Tenn., 173, Judge McAlister in reversing a case for a charge which directed the jury that they must decide what the deceased would have earned during that expectancy of life from the time of his death, and then allow such sum as would reasonably compensate her for the loss of what he would have earned during that expectancy of life from the time of his death, said:

"The assessment of damages in actions of this character does not admit of fixed rules and mathematical precision, but is a matter left to the sound discretion of the jury. The courts refuse to lay down any cast iron rules or mathematical formula by which such damages are to be ciphered out by juries. It is the duty of the court to point out the different elements proper to be considered in the assessment of damages, but it is erroneous to give the jury a rule by which to figure out the damages as they would a mathematical problem in cases like this, where the future earn-

ings of the deceased and his expectation of life are mere probabilities. . . . 'The objection to the charge is that both the elements of damages are treated as assured facts, and the jury were invited to calculate the damages by this uncertain standard, instead of leaving the assessment of the damages to their sound discretion upon a consideration of all the elements of damages admitted as evidence.''

We see no evidence of an abuse of this discretion. It would be a small earning capacity and an unusual environment indeed that would not be worth $7,500 in the long life that was the reasonable expectancy here. On the whole we find no reversible error in the proceedings, and the judgment is affirmed, with costs against appellants and their securities.

Portrum and Thompson, JJ., concur.