FILED
11/06/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2019 Session

## WALTER JOSHLIN ET AL. v. HOLLIS H. HALFORD, III M.D. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000263-13  James F. Russell, Judge**

_____

### No. W2018-02290-COA-R9-CV

_____

In this interlocutory appeal, the defendants appeal the trial court's denial of their motion to dismiss a medical malpractice lawsuit on the ground that the plaintiffs failed to comply with Tennessee Rule of Civil Procedure 25.01.  We reverse the decision of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Andrea N. Malkin and Samantha E. Bennett, Memphis, Tennessee, for the appellant, Hollis H. Halford, III, M.D.

Buckner Wellford and Leslie Issacman Yohey, Memphis, Tennessee, for the appellant, Methodist Healthcare-Memphis Hospitals.

Bruce A. McMullen and Mary Wu Tullis, Memphis, Tennessee, for the appellant, HealthSouth/Methodist Rehabilitation Hospital, LP.

Amber Griffin Shaw, J. Houston Gordon, and Lyle Reid, Covington, Tennessee, for the appellee, Vivian Joshlin.

## OPINION

### I.  FACTS & PROCEDURAL HISTORY[1]

_____

[1] The facts included in our discussion are limited to those pertinent to the issue presented and do not extend to the merits of the case.  For purposes of this appeal, the facts are largely undisputed.

In 2013, Walter Joshlin and wife, Vivian Joshlin (collectively "Plaintiffs"), filed a medical malpractice action against Hollis H. Halford, III, M.D. ("Dr. Halford"), Methodist Healthcare-Memphis Hospitals ("Methodist"), and HealthSouth/Methodist Rehabilitation Hospital, Limited Partnership ("HealthSouth") (collectively "Defendants"), for injuries Mr. Joshlin reportedly sustained because of negligent medical care and treatment rendered by Defendants in September 2011.[2] Mrs. Joshlin alleged loss of consortium associated with the underlying injury to her husband. Defendants filed answers denying all allegations of wrongdoing.

In February 2014, Mr. Joshlin passed away from lung cancer, a condition unrelated to the basis for the existing lawsuit. One month later, Plaintiffs' counsel filed a notice of death. In May 2014, an estate was opened for Mr. Joshlin. Jimmy Joshlin[3] and Vivian Joshlin were named as co-executors of the estate. In October 2014, Dr. Halford's counsel sent correspondence to Plaintiffs' counsel inquiring as to the status of the case and indicating that a "Suggestion of Death and [a] new plaintiff" were needed in the case. Plaintiffs' counsel responded to the letter by sending Dr. Halford's counsel a copy of the notice of death previously filed on March 25, 2014.

On June 26, 2015, Dr. Halford filed a motion to dismiss for Plaintiffs' failure to timely substitute a proper party for Mr. Joshlin. Three days later, Plaintiffs filed a motion for substitution and motion to amend their complaint, requesting that the co-executors of Mr. Joshlin's estate be substituted in his place.[4] Plaintiffs contend that they merely filed the motion to satisfy the demands of Defendants, and did not believe it was required in order to proceed with the subject cause of action.

In July 2015, HealthSouth and Methodist joined in Dr. Halford's motion and incorporated by reference all of the law and argument set forth in his motion. In November 2015, Plaintiffs filed a response in opposition to the motion to dismiss. Plaintiffs argued that Tennessee Rule of Civil Procedure 25.01(2) applied and that no substitution of a party was required. Alternatively, they argued that if the trial court found that substitution of a party was necessary, "no inexcusable neglect" occurred to warrant a dismissal with prejudice.

In May 2016, the trial court heard oral arguments on the motion to dismiss. An order denying the motion was entered in July 2016. The order provided that:

---

[2] The reported injury to Mr. Joshlin occurred prior to the enactment of the Tennessee Health Care Liability Act. Further, when Plaintiffs filed their initial complaint, they named only Dr. Halford and Methodist as Defendants. In May 2013, they filed their first amended complaint adding HealthSouth.

[3] Based upon statements of counsel and the judge, it is presumed that Jimmy Joshlin is the son of Walter Joshlin.

[4] Plaintiffs did not file a motion for enlargement of time in accordance with Tennessee Rule of Civil Procedure 6.02.

Pursuant to Tenn[.] Code Ann[.] § 20-5-106 the cause of action of Plaintiff, Walter Joshlin, did not abate at his death, but passed to Plaintiff, Vivian Joshlin, as his surviving spouse, who is already a party plaintiff[.] Rule 25[.]01(2) of the Tennessee Rules of Civil Procedure thus controls[.] The death has been suggested on the record and "the action shall proceed in favor of the surviving [party plaintiff]", Vivian Joshlin[.]

The trial court's order also incorporated a portion of the transcript from the hearing, which provided the "[c]ourt's reasoning." The relevant portion of the transcript provides:

The Court has examined carefully all of the authorities cited, has examined carefully the applicable statutory provisions, as well as Rule 25 of the Tennessee Rules of Civil Procedure. And please appreciate this, the Court is of the considered opinion that the parties have really made this issue more complicated than it needs to be. In that regard, the Court makes these observations.

First, it is abundantly clear to the Court that Rule 25 is there in order to provide a mechanism and put a mechanism in place by which a suit may proceed where a party dies and leaves a void. If no substitution is made, there is no mechanism by which the suit can be prosecuted, and must be dismissed in the case of a plaintiff, or defaulted in the case of a defendant.

Next we turn to Tennessee Code Annotated Section 20-5-101 et seq with more specific emphasis upon TCA 20-5-106. And that code section tells us that the cause of action that belonged to a person who has been injured by another does not abate . . . with that person's death. Rather, it passes first to the surviving spouse, and if no surviving spouse, then [it] basically goes through a line that follows intestate succession. It concludes with a statement that funds recovered are to be taken free and clear from the claims of creditors.

The footnote would be appropriate here. We all know and recognize that in common law, such a suit would have abated with the death of an injured person. It is well recognized in many authorities, and legal minds have written about . . . TCA 20-5-101. . . changing all of that.

With those thoughts in mind, we turn then to the situation . . . before us in this case. Here let's assume for the sake of discussion that Mr. Joshlin had been the sole plaintiff at his death, there would have been a void and an emptiness. There would [be] no way for the case to go forward except by

following the steps set forth in the Tennessee Rules of Civil Procedure, specifically Rule 25.

> But here it would . . . then be appropriate for Mrs. Joshlin to substitute herself as party plaintiff to prosecute her claim, and you can underline the word her, please, for emphasis, that passed to her by operation of law at her husband's death. That would fill the void and move the case forward. It should be noted that she and she alone owns and possesses the cause of action that once belonged to her husband prior to his death.

> The Court can find nothing in Rule 25 or in the Tennessee Code that would require Vivian Joshlin to come in to this lawsuit as a[n] . . . administratrix . . . or . . . executrix . . . of some estate opened on behalf of her husband. She and she alone owns the claim, and there would be no need in the situation here for the surviving spouse who is already a party to this suit, . . . to substitute herself for herself. All those things considered, the Court is compelled to a conclusion that the motion to dismiss must be denied, and it will be.

In August 2016, Dr. Halford filed a motion for permission to seek an interlocutory appeal in which both HealthSouth and Methodist joined. Plaintiffs filed a response in opposition to the motion. The trial court heard arguments on Defendants' motion on December 8, 2017. It issued an oral ruling at the conclusion of the hearing granting Defendants' motion. A written order was entered on December 19, 2018. Subsequently, Dr. Halford filed a Rule 9 application for permission to appeal, which was joined by HealthSouth and Methodist, and ultimately granted by this Court.

## II.  ISSUE PRESENTED

This Court, in its order granting Rule 9 review, limited the issue to the following: Whether the trial court erred in denying Defendants' motion to dismiss by holding decedent's claims passed automatically to his surviving spouse without need to substitute parties, pursuant to Tennessee Code Annotated section 20-5-106 and Tennessee Rule of Civil Procedure 25.01(2).

## III.  DISCUSSION

### A.  Standard of Review

The limited issue this Court has framed for review requires application of Tennessee Code Annotated section 20-5-106 and Tennessee Rule of Civil Procedure 25.01 to the facts of this case. Because the resolution of the issue presented is a question

- 4 -

of law, our review is de novo with no presumption of correctness. *See Sallee v. Barrett*, 171 S.W.3d 822, 825 (Tenn. 2005) ("The construction of statutes and application of the law to the facts of a case are questions of law. Accordingly, the standard of appellate review is de novo without any presumption of correctness given to the lower courts' conclusions of law.").

## B. Tenn. Code Ann. § 20-5-106

We begin by addressing the relevance of Tennessee Code Annotated section 20-5-106 to the facts of this case. It is important to note that the following facts are undisputed: (1) Mr. Joshlin's medical malpractice cause of action was pending at the time of his death; and (2) Mr. Joshlin's death was unrelated to any alleged wrongdoing of Defendants. These facts are significant in determining the applicability of the specific statutes and rules to the facts.

We also emphasize that the general "survival statutes" are codified at Tennessee Code Annotated sections 20-5-101--105 and 114--120; in contrast, the wrongful death survival statutes are codified at sections 20-5-106--113. *Timmins v. Lindsey*, 310 S.W.3d 840 n.2 (Tenn. Ct. App. 2009). As Defendants have noted, we thoroughly discussed the implications that death of a party had on a cause of action in *Timmins*, 310 S.W.3d at 840, explaining:

> At common law, when a party to an action died while the case was pending the action abated. Tenn. Code Ann. § 20-5-101 abrogates the common law rule by providing that causes of action do not abate by the death of either party; this statute is a "survival statute" that permits the decedent's cause of action to survive the death, so that the decedent, *through his or her estate*, recovers damages that would have been recovered by the decedent had he or she lived to the resolution of the case. *See Jordan v. Baptist Three Rivers Hosp.,* 984 S.W.2d 593, 597 (Tenn. 1999) (citing *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 575 n.2, 94 S. Ct. 806, 39 L.Ed.2d 9 (1974)). Because the survival statute abrogates the common law rule, the statutory method for preserving either an existing action or a vested cause of action not yet commenced must be strictly followed. *See Preston v. Golde,* 80 Tenn. 267, 12 Lea 267-275 (1883); *McDonald v. Nashville,* 114 Tenn. 540, 86 S.W. 317, 318 (1904).
>
> Tennessee's wrongful death statutes, Tenn. Code Ann. §§ 20-5-106--113, are also survival statutes; they are distinguished, however, from the other survival statutes because, in addition to preserving whatever cause of action was vested in the decedent at the time of death, they also create a new cause of action that compensates survivors of the decedent for their losses. *See Jordan,* 984 S.W.2d at 598. Tennessee courts have long held

that the wrongful death statutes, because of their "hybrid" nature, must be construed with reference to one another. *See Foster v. Jeffers,* 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991). Courts have also held that in order for the wrongful death statutes to apply, *the victim must have died as a result of his or her injuries. See e.g., Willis v. Heath,* 21 Tenn. App. 179, 107 S.W.2d 228 (1937) (widow could not bring an action to recover for the negligent injury of her deceased husband where it appeared that such injuries were not a contributing cause of his death); *Daniel v. East Tenn. Coal Co.,* 105 Tenn. 470, 58 S.W. 859, 860 (1900); *Nashville v. Reese,* 138 Tenn. 471, 197 S.W. 492 (1917).

. . . .

Tenn. Code Ann. § 20-5-102 directs the procedural steps to be followed when a party dies. The first phrase in § 20-5-102 addresses how an existing action is to be preserved upon the death of a party--by revival. [*See* Tenn. Code Ann. § 20-5-102 ("*No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived. . . .*")]. The manner in which a pending action is to be revived is then provided for at Tenn. Code Ann. §§ 20-5-103 (causes surviving death of tort-feasor), -104 (revival by or against heirs) and -105 (revival by or against successor in interest). The remainder of § 20-5-102, beginning after the first semi-colon, [("*nor shall any right of action arising hereafter. . . .*")] provides the procedural steps to be taken when a person who has suffered some wrong *dies before he or she was able to commence a cause of action*. The statute provides that the right of action passes in the "same manner" as the right of action described in Tenn. Code Ann. § 20-5-106; in other words, the right of action goes to the same person as designated in the statute. Tenn. Code Ann. §§ 20-5-102--105 address only the procedural steps that must be taken to preserve a cause of action, whether already commenced or vested in the decedent but not yet commenced.

*Timmins*, 310 S.W.3d at 840-41 (emphasis added) (internal footnotes omitted). In *Timmins*, we explained that the wrongful death statutes were inapplicable to an unrelated personal injury action. We explained that a "wrongful death action is separate and distinct from an action to recover for personal injuries where, through happenstance, the plaintiff dies." *Id.* at 842. The plaintiff in *Timmins* attempted to construe the survival statutes and wrongful death statutes together. We rejected that approach because "Plaintiff's reading of the statutes in conjunction would provide that **any** civil action commenced wherein a party dies should proceed as an action for wrongful death under Tenn. Code Ann. § 20-5-106." *Id.* at 841 (emphasis in original). We found that such an

interpretation did "not comport with the purpose and plain language of Tennessee Code Annotated section 20-5-102." *Id.*

Following our rationale in *Timmins*, we disagree with the trial court's reliance on the wrongful death statutes, and specifically Tennessee Code Annotated section 20-5-106, in finding that Mr. Joshlin's cause of action automatically passed to his wife as surviving spouse.[5] The trial court found that Mrs. Joshlin could pursue the claim because it "passed to her by operation of law at her husband's death" as the surviving spouse pursuant to Tennessee Code Annotated section 20-5-106, and "she and she alone owns and possesses the cause of action that once belonged to her husband prior to his death." It found "no need" for her to "come in to this lawsuit as a[n] . . . administratrix . . . or . . . executrix . . . of some estate opened on behalf of her husband."

As in *Timmins*, a finding that Tennessee Code Annotated section 20-5-106 is applicable to this case "would provide that **any** civil action commenced wherein a party dies should proceed as an action for wrongful death under Tenn. Code Ann. § 20-5-106 . . . . This interpretation, however, does not comport with the purpose and plain language of Tenn. Code Ann. § 20-5-102." *Id*. at 841 (emphasis in original). Tennessee Code Annotated section 20-5-102 states:

> No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.

Tenn. Code Ann. § 20-5-102. Mr. Joshlin's lawsuit against Defendants was pending at the time that he died from unrelated causes. Therefore, as stated in *Timmins*, the first part of Tennessee Code Annotated section 20-5-102 is applicable to the facts of this case, and the existing action was eligible to be revived. We find the trial court's reliance on the second part of the statute to be misplaced, as it addresses a "right of action," and *Timmins*

---

[5] Tennessee Code Annotated section 20-5-106 provides:

(a) The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin . . . ; the funds recovered in either case to be free from the claims of creditors.

- 7 -

explains that it only applies "when a person who has suffered some wrong dies before he or she was able to commence a cause of action." *Id.* at 841. "[T]he statutory method for preserving *either* an existing action *or* a vested cause of action not yet commenced must be strictly followed." *Id.* at 840 (emphasis added). Because the trial court erroneously relied on the second part of the statute, the trial court subsequently erred in considering the provisions of Tennessee Code Annotated section 20-5-106 in reaching its ultimate conclusion.[6]

Since the lawsuit did not abate, and could be revived, the trial court must first look to the controlling survival statutes to determine the proper means of revival. The manner in which a pending action is to be revived is set forth in Tennessee Code Annotated sections 20-5-103–105.[7] Tennessee Code Annotated section 20-5-104 states, "[i]f no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." Here, an estate was opened for Mr. Joshlin; therefore, the co-executors of his estate would be the appropriate parties to revive Mr. Joshlin's medical malpractice action. *See Timmins*, 310 S.W.3d at 840 (explaining that the survival statutes permit "the decedent's cause of action to survive the death, so that the decedent, *through his or her estate*, recovers damages that would have been recovered by the decedent had he or she lived to the resolution of the case") (emphasis added). Having determined that the co-executors are the proper parties, it is necessary to review the applicable rules to determine the procedure which must be followed.

### C. Tennessee Rule of Civil Procedure 25.01

Once a court determines who may revive an action, Tennessee Rule of Civil Procedure 25.01 provides the method in which revival must occur. If a lawsuit is not revived by proper compliance with Rule 25.01, it is abated under the mandatory language of the rule, i.e., "**shall** be dismissed." *Dobbins v. Green,* No. W2012-00460-COA-R3-CV, 2013 WL 1149574, at *4 (Tenn. Ct. App. Mar. 20, 2013) (emphasis in original).

Rule 25.01 provides:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased

---

[6] The trial judge stated at the hearing on the motion for permission to seek an interlocutory appeal that he did not recall that Mr. Joshlin had died of causes unrelated to the medical malpractice action, nor did he recall taking it into account when ruling on Defendants' motion to dismiss. The trial judge also acknowledged that such fact "might make a difference" in the outcome.

[7] Tennessee Code Annotated section 20-5-103 applies to causes of action surviving the death of a tort-feasor. Tennessee Code Annotated section 20-5-105 applies to causes of action that may be revived by or against a successor in interest, rather than an heir or personal representative. *See Timmins*, 310 S.W.3d at 841.

party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Tenn. R. Civ. P. 25.01.

At the hearing on Defendants' motion to dismiss, Plaintiffs argued that a substitution of parties was unnecessary because Mr. Joshlin's claim passed to Mrs. Joshlin automatically. Ultimately, the trial court agreed with Plaintiffs and denied Defendants' motion.[8] However, we find Plaintiffs' reliance on Rule 25.01(2) to be misplaced. Section (2) applies when "the right sought to be enforced **survives only** to the surviving plaintiffs. . . ." (emphasis added). Mr. Joshlin's claim was his alone, survived his death, and then became an asset of his estate. *See Timmins,* 310 S.W.3d at 840 (explaining that a "survival statute" permits the decedent's cause of action to survive the death, so that the decedent, *through his or her estate*, recovers damages that would have been recovered by the decedent). As previously explained, Mr. Joshlin's existing medical malpractice action did not pass automatically to Mrs. Joshlin. Mrs. Joshlin was a party to the medical malpractice action in her individual capacity, and not co-executor of her husband's estate. In her individual capacity as plaintiff in the malpractice action, Mrs. Joshlin asserted a claim for loss of consortium, which is separate and distinct from Mr. Joshlin's personal injury claim. *See Hunley v. Silver Furniture Mfg. Co.,* 38 S.W.3d 555, 557 (Tenn. 2001) (explaining that loss of consortium is a derivative claim that is "a separate claim from that of an injured spouse") (internal quotation omitted). Therefore, Mrs. Joshlin could not automatically pursue Mr. Joshlin's rights and remedies based solely on the fact that she was also a named plaintiff with a separate claim pending in her individual capacity. Rather, the action had to be preserved by following the procedural directives in Tennessee Code Annotated section 20-5-104 and Rule 25.01(1). *See*

---

[8] Plaintiffs' motion for substitution of a party was not addressed separately. However, we assume that the trial court found the motion for substitution unnecessary, as the trial judge remarked that "there would be no need in the situation here for the surviving spouse who is already a party to this suit, . . . to substitute herself for herself."

*Timmins*, 310 S.W.3d at 841; *see also Dubis v. Loyd*, 540 S.W.3d 4, 8 (Tenn. Ct. App. 2016).

As we have held, the prerequisite to revive an action is the filing of a motion for substitution of a party within the time mandated by Tennessee Rule of Civil Procedure 25.01. Further, Rule "25.01(1) requires that a motion for substitution of party must be made within ninety (90) days of the filing of the suggestion of death." *Dobbins*, 2013 WL 1149574, at *1. Here, it is undisputed that the motion for substitution filed by the co-executors, on June 29, 2015, was filed more than one year after the filing of the suggestion of death.[9]

Courts in other jurisdictions have reached the same conclusion when faced with similar facts involving husband and wife co-plaintiffs. For instance, in *Wentz v. Best Western International, Inc.*, No. 3:05-CV-368, 2007 WL 869620, at *1 (E.D. Tenn. Mar. 20, 2007), a husband and wife were co-plaintiffs in a personal injury action, the husband died during the litigation, and a suggestion of death was filed. The defendants moved to dismiss for failure to timely file a motion for substitution of parties. The wife had operated under the assumption that Federal Rule of Civil Procedure 25(a)(2) allowed her to automatically proceed in the action on behalf of her deceased husband.[10] *Id.* The court explained:

> [P]laintiff misinterpreted Federal Rule of Civil Procedure 25(a)(2) in believing that the rule resulted in Mr. Wentz's causes of action immediately accruing to her. Instead, Rule 25(a)(2) applies in situations where "one of several plaintiffs or one of several defendants dies" and results in the action not abating "with regards to the other parties even if it does abate with regards to the party who has died." Wright, Miller & Kane, Federal Practice And Procedure: Civil 2D § 1954. Here, this would mean that any claims plaintiff herself is asserting are not *ipso facto* terminated on account of Mr. Wentz's death. It does not, however, mean that plaintiff automatically becomes the representative of Mr. Wentz for the purposes of

---

[9] The suggestion of death was filed on March 25, 2014.

[10] Federal Rule of Civil Procedure 25 provides, in pertinent part:

(a) Death.

(1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties*. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

continuing to assert his claims without filing the requisite motion for substitution.

*Id.* at *2. *See also In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-CV-01775, 2017 WL 3045496, at *2 (S.D. W. Va. July 18, 2017) (rejecting the argument that a motion to substitute was not necessary where the decedent's husband was already a co-plaintiff and later the personal representative of the estate, as he could not pursue any claims asserted by his wife without complying with the substitution requirement); *Tiffany v. O'Toole Realty Co.*, 52 Del. 83, 88 (Del. Super. Ct. 1959) ("[T]he deceased's causes of action survived only to his executor or administrator and not to any heir or beneficiary in their individual capacity. Even though Mrs. Tiffany subsequently became the deceased's executrix, she was not a party to this action in that capacity when it was originally filed, so the right of action sought to be enforced cannot survive to her as a surviving plaintiff.").

In its ruling, the trial court found that Mr. Joshlin's existing cause of action was solely "owned" by Mrs. Joshlin in accordance with Tennessee Code Annotated section 20-5-106. Respectfully, we reiterate that the trial court's reliance on Tennessee Code Annotated section 20-5-106 was misplaced. It is undisputed that Mr. Joshlin's medical malpractice claim survived his death. Accordingly, the trial court erred in denying Defendants' motion to dismiss on the basis that a motion for substitution of parties was not required pursuant to Tennessee Rule of Civil Procedure 25.01(2).

### D. Tenn. R. Civ. P. 6.02

We now shift our attention to Plaintiffs' alternative argument, that their failure to comply with Tennessee Rule of Civil Procedure 25.01(1) was due to excusable neglect. We reiterate that Plaintiffs did not file a motion for substitution of a party within ninety days of the filing of the suggestion of death. However, although the language in Rule 25.01(1) is mandatory, the ninety day timeframe may be extended. *See* Tenn. R. Civ. P. 6.02.[11] As explained in *Dubis*, 540 S.W.3d at 9:

---

[11] Rule 6.02 provides, in pertinent part:

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect . . . .

The Tennessee Supreme Court has previously held . . . that the ninety day time period may be extended in the event of excusable neglect pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure, discussed in detail *infra*. *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 98 (Tenn. 1994) (citing *Wagner v. Frazier*, 712 S.W.2d 109, 113 (Tenn. Ct. App. 1986)).

Here, it is undisputed that Plaintiffs failed to file a motion for enlargement of time in accordance with Tennessee Rule of Civil Procedure 6.02. However, Plaintiffs argued in their written response to the motion to dismiss that there was "no inexcusable neglect present in this case that would require dismissal. . . ." This court has explained that in certain circumstances a formal motion for enlargement of time may not be required to determine if excusable neglect exists. *See Maness v. Garbes*, No. M2008-00797-COA-R3-CV, 2009 WL 837707, at *3 (Tenn. Ct. App. Mar. 26, 2009) (recognizing that the plaintiffs did not file a motion with the trial court requesting relief under Rule 6.02 but concluding that their response to a motion to dismiss "could be construed as containing a prayer for relief under Rule 6.02."); *see also Kenyon v. Handal*, 122 S.W.3d 743, 755-56 (Tenn. Ct. App. 2003) (explaining that even though a party failed to file a motion for enlargement of time, the "trial court should have employed the standards in Tenn. R. Civ. P. 6.02" to determine whether such party was "entitled to an enlargement of time" under the excusable neglect standard).

The trial court did not address the applicability of Rule 6.02 to the facts of this case or address the late-filed motion for substitution, as it incorrectly relied on Tennessee Code Annotated section 20-5-106 and Tennessee Rule of Civil Procedure 25.01(2) to support its denial of Defendants' motion to dismiss. We have determined that such reliance was erroneous. However, given the limited nature of the issue before us in the context of this Rule 9 appeal, we decline to consider the parties' arguments regarding Rule 6.02 and the late-filed motion for substitution. On remand, the trial court should determine whether Plaintiffs' response to Defendants' motion to dismiss should be construed as a motion for enlargement of time. If the trial court determines that the substance of the response is a request for relief under Rule 6.02, it should then determine whether Plaintiffs' failure to act within the prescribed time was the result of excusable neglect.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Vivian Joshlin, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE