MONROE PRESTON *v.* PLEASANT GOLDE *et al.*

1. **PARTIES.** *Administrator necessary. When.* If the vendor die while a bill is pending against him by the vendee for a rescission of the contract for a sale of land, and to recover the amount paid as purchase money, the cause *must* be revived against his administrator as well as his heirs.

2. **SAME.** *How heirs may be proceeded against alone.* The heirs can be proceeded against alone only by strict compliance with the statute. There must be a suggestion of record that no one can be procured to administer, and a motion for *sci. fa.* to revive against the heirs on this ground.

3. **WAIVER.** *Appearance and defense by heirs is not. When.* The heirs' by waiving such a *sci. fa.* and appearing and defending the cause on its merits, and not objecting to the want of an administrator, will not be held to have waived the same.

---

### FROM SMITH.

---

Appeal from the Chancery Court at Carthage. W. G. CROWLEY, Ch.

VERTREES & VERTREES for complainant.

W. D. GOLDE for defendants.

FREEMAN, J., delivered the opinion of the court.

Complainant filed his bill against Pleasant Golde to rescind a contract for sale of land, and on such rescission to recover the amount paid as purchase money under said contract. Two grounds were charged in the bill on which a rescission was sought. First, that the vendor had no title to the land, and second, the

·contract was in parol, not written.    This latter, how-
ever, but incidentally stated.

Pleasant Golde died, which fact was suggested and
proven, whereupon a motion was made for *sci. fa.* to
revive against his heirs.    There was no suggestion that
no one would administer on the estate as required by
the act of 1809, section 2849 of Code.    In fact, the
·subsequent proceedings show the purpose was simply to
proceed against the heirs directly, as representing the
realty, and therefore necessary parties.

To return, however, to the history of the case.    The
·adult heirs appeared in court and waived the issuance
of a *sci. fa.* as to themselves, obtained time to answer,
and did answer to the merits of the bill.

One of the heirs was a minor, against whom *sci. fa.*
was issued, for whom a guardian *ad litem* was ap-
pointed, who answered for him.

There having been no revivor against an adminis-
trator, nor any suggestion or assumption in the record
that no one would administer, the main and only ques-
tion in this case is, whether the decree against the
heirs could be had without these facts appearing?

This is not a collateral attack on this proceeding,
but a direct one by appeal.    If it had been a col-
lateral attack, the irregularities would not render it
void.    But is there error? is the question.

It is by implication conceded that the personal rep-
resentative is the proper party against whom the re-
·covery of the money paid should be had.    If the action
had been at law simply to recover the money thus
paid, no one would question this.    The fact that it

is a chancery proceeding in which this relief is sought in connection with a rescission on the grounds charged, can make no difference in the principle as to this feature of the bill, it is a demand to recover money, and so the personal representative is the primary party to respond to it. This is implied in the section of the Code quoted, giving the right to proceed against the heir *only* when no one will administer, and not as a matter of course.

This is not seriously controverted as we understand it, but it is insisted that the adult heirs have waived all objection on this score, by not requiring *sci. fa.* to issue as to them, and by answering and not interposing any objection because of want of revivor against the personal representive.

The solution of this question depends on two things, first, whether such a *sci. fa.* can be assumed to have gone on the idea that they were, sought to be made parties in order to judgment by reason of lands descended or personalty received from the ancestor, no one being willing to administer. Second, whether the heirs were proper parties against whom the suit should have been revived, even if there had been a revivor against the administrator.

It is clear that the *sci. fa.* proper in this case, would have been one simply to revive against the parties as heirs, because of the fact that a rescission of a contract for realty was involved, to which they were, in this aspect of the case, necessary parties as heirs. That this was the purpose is shown by the order asking the *sci. fa.* which does not go on the

idea, nor recite the fact that no one will administer, and· therefore a necessity or right to revive against the heir, and proceed as of lands descended. This is made still stronger by the fact, that as to the minor, a *sci. fa.* under this same order was issued, and is in this precise form, simply requiring him to appear and show cause why the "suit should not be revived against him as an heir at law," etc.

There can be nothing predicated of the appearance of the parties without issuance of *sci. fa.* A proper *sci. fa.* in the case, if served on them, would have simply brought them before the court, and to a *sci. fa.* such as was ordered, they could have interposed, no objection that would have prevented a revivor. There would have been no intimation of a purpose to have a decree against them either for personalty, or by reason of lands descended, therefore they could not have objected to a revivor against them.

So also as to the effect of the answer. It is said they should have interposed as a defense in that answer the fact that there was an administrator, or the necessity for one; the failure to do this is claimed to preclude them. In this we think there is error. The revivor brought them in simply to defend the suit against their ancestor. They were proper parties to that suit representing the realty. They were only called on to answer the charges of the bill in that answer. There was nothing in the bill that sought to charge them personally, nor was there a single fact or intimation in all the record that in any way pointed to the purpose of a decree against them, for the money de-

Preston *v.* Golde.

manded personally, nor by reason of lands descended, to have execution against such lands. A party cannot be held to have abandoned or waived a defense to a claim which has never been made against him, by an answer which *is* responsive to the one which is alone made. Nor where if the fact had been presented, it would have been no bar to the order sought. The real point where the objection was legitimate would have been on a *sci. fa.* reciting the fact that no one would administer, therefore a revivor sought against the heirs by reason of this. Such a *sci. fa.* or even one issued under an order based on this suggestion would, perhaps, have given the heirs notice of what was sought against them, and if they failed then to show cause why such action should not be had against them, by pleading there was an administrator, or a designated person willing to administer, they might well be held bound, as of a waiver, by such failure. But no such state of things—only the contrary is found in this record. There is not an intimation of any purpose to seek the decree now sought on the part of complainant in all that has been done.

But another question by which the same result would be reached, that is a remanding of the case to have the representative made a party. The case is revived against the minor, and a decree had against him as well as the others. No one would insist that there could be any waiver by him. His guardian *ad litem* could not have made any admissions binding him, and has not done so. Now if we assume the proceeding was against him for a decree by reason of lands de-

scended, before such a decree could be rendered you would have to show the right to so proceed, that no one would administer, and that there was the state of facts required by the statutes in order to entitle complainant to proceed against such minor heir. The argument that the adult heirs have waived their rights in this reference, implies that unless waived it must be shown. The minor can waive nothing, therefore the case must be made out against him before a decree can go. The case would either have to be dismissed as to him, or reversed and remanded for revivor against the representative, or the fact that no one would administer shown before proceeding against him. At any rate, he is entitled to be notified by a pleading of the decree sought when he is to be reached, that he may interpose any proper defense. It may be he can show personal assets or no lands descended, and either case he could not be decreed against. In fact, sound principle equally requires in a case like this, where the heir is a necessary party on other grounds made in the bill, that if a decree is to be sought on any other basis it shall be charged on the record, that he may have notice and the chance to defend against it if he can.

We cannot see how there can be a waiver on the facts of this case by any thing done by the adult heirs. Suppose they had filed a plea to the *sci. fa.* for revivor, insisting that there should be also a revivor against a personal representative, and such plea set down for argument for insufficiency, it would have been held insufficient. The reply to it would have

been, you are necessary parties as heirs to represent the title to the land. We are entitled to revive against you, and take our time as to an administrator. We can see no answer to this, and the revivor must have followed over such a defense. If this is true, then inevitably there can be no waiver by failure to interpose a defense that would have been fruitless as against the effort to revive.

. If this question was one merely of formality in proceedings involving no right to be protected, we should not deem it of .much weight. But as long as it is the right of the heir to hold his land descended, until the personalty is exhausted, he should not be proceeded against directly, unless on a state of case as provided by our statute. When he is to be proceeded against under the statute, it is common fairness that he shall be notified of such purpose. Without this, in a case like this he is misled, and may always be entrapped into what may be construed as a waiver. The case of *Edington* v. *Jamison,* 2 Lea, 570, has no application to the question before us, as that was a collateral attack and not direct.

The result is, the decree of the chancellor must be reversed, report of the Referees set aside and case be remanded to be proceeded with according to this opinion. Complainant pay costs of this court.

TURNEY, J., says:

I concur in the opinion of Judge Freeman. Before the statute, in a case like the present, the complainant could not have proceeded at all after the death of the

vendor without an administrator. The statute, by its terms, puts upon complainant the burden of showing that no one can be found who will administer. The law will not presume that no one will administer. The complainant proposing to proceed under the statute must, by proof satisfactory to the court, bring himself within its provisions and show the fact made absolutely necessary by that statute to his procedure without an administrator. He has not done so, on the contrary, he files letters of administration, which defeats his right to proceed under the statute and stops there.