IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 22, 2016 Session

## KATHERINE C. DUBIS v. YOLANDA E. LOYD, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00313812    Rhynette N. Hurd, Judge**
_____

**No. W2015-02192-COA-R3-CV – Filed August 15, 2016**
_____

After the death of the original plaintiff while this case was pending, a timely motion for substitution was filed to substitute the original plaintiff's parents as the real party in interest pursuant to Rule 25.01 of the Tennessee Rules of Civil Procedure. The motion indicated that the original plaintiff's parents were her only heirs and that no estate was to be opened for the original plaintiff in her home state of Missouri. The defendant filed an objection to the substitution asserting that the original plaintiff's heirs were not the proper parties, but the trial court eventually allowed parents to be substituted as plaintiffs. After the parties became aware that an estate had been opened for the original plaintiff in Missouri, defendant filed a motion to dismiss based upon non-compliance with Tennessee Code Annotated Section 20-5-104, which requires a showing that no person is willing to administer the estate of a deceased party before his or her heirs may revive a claim. Parents filed a response in opposition and, in the alternative, a motion for enlargement of time to file a motion to substitute the original plaintiff's personal representative. The trial court denied the motion for enlargement of time and granted the defendant's motion to dismiss. Because parents have shown excusable neglect sufficient to justify an enlargement of time under Rule 6.02 of the Tennessee Rules of Civil Procedure, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which KENNY ARMSTRONG, J., and WILLIAM B. ACREE, SP. J., joined.

A. Wilson Wages, Millington, Tennessee, for the appellant, Katherine C. Dubis.[1]

---

[1] Here, as discussed in detail below, the parties indicate that the appellants are: "Katherine C. Dubis, deceased, by Maureen Dubis, individually, and next friend of Katherine C. Dubis, and Chris Dubis,

Garrett M. Estep, Memphis, Tennessee, for the appellee, Yolanda E. Loyd.

## OPINION

### Background

On July 19, 2012, Plaintiff Katherine C. Dubis filed a complaint against Defendant/Appellee Yolanda E. Loyd related to an automobile accident. Ms. Dubis alleged that Ms. Loyd rear-ended her car while she was travelling through Tennessee from Missouri, her home state. Ms. Dubis sought $185,000.00 in damages.

On August 23, 2013, Amica Mutual Insurance Company ("Amica Mutual"), Ms. Dubis's uninsured motorist insurance carrier, filed an answer denying that Ms. Loyd was underinsured or uninsured and asserting other defenses. Amica Mutual also filed a motion asking that all insurance issues be severed from the underlying personal injury action. On January 10, 2014, Ms. Loyd filed her answer to the complaint, denying the material allegations contained therein. The parties thereafter engaged in contentious discovery litigation. At one point in time, the trial court threatened to dismiss the lawsuit if Ms. Dubis did not timely comply with discovery.

A trial was set for May 18, 2015. On March 9, 2015, however, Amica Mutual filed a suggestion of death pursuant to Rule 25.01 indicating that Ms. Dubis had passed away on February 3, 2015. Approximately forty days later, on April 17, 2015, counsel for Ms. Dubis filed a motion to substitute Ms. Dubis's parents Plaintiff/Appellants Maureen Dubis and Chris Dubis (together with Maureen Dubis, "Appellants"). According to the motion:

> 1. [Ms.] Dubis died in a tragic death on February 3, 2015 when struck by an automobile in St. Louis, Missouri. That death was unrelated [] to the subject of this lawsuit.
> 2. That counsel for [Ms. Dubis] timely notified counsel for the [Ms. Loyd] of this death.
>
> *  *  *
>
> 4. At the time of her death, [Ms.] Dubis was not married and had never had any children.
> 5. She is survived by her father Chris T. Dubis, mother Maureen T. Dubis, and brother, Thomas Nicholas Dubis. Counsel seeks to

individually and next friend of Katherine C. Dubis." The main issue in this case concerns who the proper parties are to be substituted for Ms. Dubis.

have Maureen T. Dubis and Chris T. Dubis substituted in place of [Ms.] Dubis.

6. At this time no estate has been opened for [Ms.] Dubis and therefore pursuant to T.C.A. 20-5-104 counsel for [Ms. Dubis] seeks permission of the Court to allow the natural parents to proceed in this action on [] behalf of the deceased, [Ms.] Dubis.

On April 21, 2015, Ms. Loyd filed an objection to the motion for substitution, denying "that the substitution of heirs as outlined in the present motion is proper." Ms. Loyd also argued that substitution would delay the case. On the same day, Amica Mutual filed its own objection to the substitution, adopting verbatim Ms. Loyd's contentions.

The trial court did not immediately rule on the motion for substitution, but instead entered several orders resetting the trial date. In the meantime, on June 22, 2015, an estate was opened for Ms. Dubis in Missouri.[2] Thereafter, on July 24, 2015, the trial court in this case entered an order granting the motion for substitution of parties. On the same day, an amended complaint was filed naming Appellants, both individually and as next friend of Ms. Dubis, as plaintiffs. Both Ms. Loyd and Amica Mutual again answered the amended complaint.

On September 1, 2015, Ms. Loyd filed a motion to dismiss the complaint on the ground that both the motion for substitution and amended complaint were deficient because Tennessee Code Annotated Section 20-5-104 only allows the heirs of the decedent to revive a complaint, "[i]f no person will administer on the estate of the deceased plaintiff." Ms. Loyd asserted that the above statute required an affirmative showing that no person was willing to administer the estate of Ms. Dubis, which had not been met in the motion to substitute parties. Furthermore, because an estate had indeed been opened for Ms. Dubis, Ms. Loyd argued that no showing could be made that no one was willing to administer Ms. Dubis's estate. Ms. Loyd also argued that the time for filing a motion to substitute parties had now expired and that the complaint should not therefore be amended a second time to allow for the substitution of the administrator of Ms. Dubis's estate. Amica Mutual filed a similar motion on September 4, 2015.[3]

Appellants filed a response to the motions to dismiss on September 8, 2015. In the motion, Appellants alleged that counsel was unaware that an estate had been opened for Ms. Dubis, as counsel had no contact with Appellants until after the suggestion of death was

_____

[2] Crist Thomas Dubis was named as personal representative of Ms. Dubis's estate. It is not clear in the record how this individual is related to Ms. Dubis or if Crist Thomas Dubis and Appellant Chris T. Dubis are, in fact, the same person.

[3] The September 4, 2015 motion and accompanying memorandum specifically state that they were filed on behalf of Ms. Loyd. The pleadings, however, were filed by Amica Mutual's counsel. Accordingly, we believe that these pleadings were intended to be filed on behalf of Amica Mutual.

- 3 -

filed. According to the motion, Appellants never discussed with counsel the possibility that an estate may be opened in Missouri. The motion asserted that counsel only learned of the estate at the June 22, 2015 depositions of Appellants. According to Appellants, however, the fact that an estate had been opened in Missouri was not relevant, citing ***Campbell v. Hubbard***, 79 Tenn. 6, 8 (Tenn. 1883). Also on September 8, 2015, Appellants filed a motion to extend the time for filing a motion for substitution. Appellants filed a supplemental response on September 22, 2015, more fully articulating the legal basis for their opposition to the motions to dismiss and asking that if Appellants were not proper parties to this lawsuit, that Ms. Dubis's personal representative be substituted as plaintiff.

On October 26, 2015, the trial court granted Ms. Loyd's and Amica Mutual's motions to dismiss Appellants' lawsuit. The trial court ruled that Appellants "did not file a motion to substitute the proper party within 90 days of the filing of the Suggestion of Death of [Ms.] Dubis." The trial court also found that Appellants "did not demonstrate excusable neglect justifying additional time in which to file a motion to substitute the proper parties." The trial court therefore dismissed Appellants' complaint with prejudice. Appellants timely appealed to this Court. While this appeal was pending, however, Amica Mutual was voluntarily dismissed from this lawsuit. Accordingly, Ms. Loyd is the only appellee in this appeal.

## Issues Presented

Appellants raise two issues in this appeal, namely:

1. Whether the trial court erred in granting Ms. Loyd's motion to dismiss.
2. Whether the trial court erred in denying Appellants' motion for extension of time to move for substitution.

## Standard of Review

This appeal follows the trial court's dismissal of Appellant's lawsuit upon a motion to dismiss arguing that the Appellants were not the proper parties to prosecute this lawsuit and, therefore, lacked standing. "Lack of standing may be raised as a defense in a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss." ***In re Ava B.***, No. M2014-02408-COA-R10-PT, 2016 WL 1730661, at *2 (Tenn. Ct. App. Apr. 27, 2016), *perm. app. denied* (July 1, 2016). A motion under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, also known as a motion to dismiss for failure to state a claim upon which relief can be granted, "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011). Therefore, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." ***Id.***

In considering a 12.02(6) motion, we "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." ***Trau-Med of Am., Inc. v. Allstate Ins. Co.***, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. ***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999) (citing ***Riggs v. Burson***, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination presents a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. ***Doe***, 2 S.W.3d at 922 (citing ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997)).

## Discussion

Here, the parties dispute whether the proper procedure was adhered to by Appellants in substituting themselves as parties after the death of Ms. Dubis. Rule 25.01 of the Tennessee Rules of Civil Procedure governs the procedure for substitution after the death of party. Pursuant to Rule 25.01:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Tenn. R. Civ. P. 25.01(1). Thus, in order to revive a claim after the death of a party, a motion for substitution must be made within ninety days of the filing of a suggestion of death. The Tennessee Supreme Court has previously held, however, that the ninety day time period may be extended in the event of excusable neglect pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure, discussed in detail *infra*. ***Douglas v. Estate of Robertson***, 876 S.W.2d 95, 98 (Tenn. 1994) (citing ***Wagner v. Frazier***, 712 S.W.2d 109, 113 (Tenn. Ct. App. 1986)). "Because the survival statute abrogates the common law rule, the statutory method for preserving either an existing action or a vested cause of action not yet commenced must be strictly followed." ***Timmins v. Lindsey***, 310 S.W.3d 834, 840 (Tenn. Ct. App. 2009) *(citing* ***Preston v. Golde***, 80 Tenn. 267, 12 Lea 267–275 (1883); ***McDonald v. Nashville***, 114 Tenn. 540, 86 S.W. 317, 318 (1904)).

Rule 25.01 only applies if the death of the party does not extinguish the claim. As our supreme court explained over fifty years ago, "The common law rule is that the right of

action of a person for injuries received perishes with the death of that person. This rule has been abolished by statute in perhaps all of the States." ***McDaniel v. Mulvihill***, 196 Tenn. 41, 44, 263 S.W.2d 759, 761 (Tenn. 1953). There is no dispute in this case that the type of claim asserted by Ms. Dubis did not abate at her death, but was instead preserved by statute. Tennessee Code Annotated Section 20-5-102 clearly provides that claims "founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff . . . may be revived" and "the right of action shall pass in like manner as the right of action described in § 20-5-106." The question of who was entitled to revive the claim, however, is squarely at issue in this appeal.

Appellants assert that they were correctly named as plaintiffs pursuant to Tennessee Code Annotated Section 20-5-106 because they are the next of kin of Ms. Dubis. In contrast, Ms. Loyd argues that Appellants were not entitled to be substituted as plaintiffs in this case because they made no showing that no person was willing to administer Ms. Dubis's estate, as is purportedly required by Tennessee Code Annotated Section 20-5-104.

Tennessee Code Annotated Section 20-5-104 provides: "If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." According to Appellees, our courts have interpreted this statute as requiring an affirmative showing that no person is willing or available to administer the estate of the deceased litigant before his or her heirs may be substituted as a party. We agree.

Several cases have considered the question of who is entitled to revive a claim or who a claim may be revived against. First, ***Preston v. Golde***, 80 Tenn. 267 (1883), involved a claim against a defendant to rescind a contract. After the defendant died, a suggestion of death was entered on the record and the plaintiff filed a motion to revive the suit against the defendant's heirs. ***Id.*** at 268. Under the predecessor to Tennessee Code Annotated Section 20-5-104, however, an individual seeking to revive a claim against a party's heirs was required to show that "no one would administer on the estate[.]" ***Id.*** (citing Act of 1809, section 2849 of Code). The plaintiff eventually obtained a judgment against the defendant's heirs.

On appeal, the Tennessee Supreme Court framed the issue as "There having been no revivor against an administrator, nor any suggestion or assumption in the record that no one would administer, the main and only question in this case is, whether the decree against the heirs could be had without these facts appearing?" ***Id.*** The Tennessee Supreme Court ultimately held that the judgment against the heirs could not stand because the claim had not been properly revived against them. ***Id.*** at 269. As the Tennessee Supreme Court explained, when a claim involves damages, "the personal representative is the primary party to respond to it." ***Id.*** Thus, "the right to proceed against the heir only [exists] when no one will administer, and not as a matter of course." ***Id.***

Justice Peter Turney filed a separate concurrence more fully articulating the rule regarding revivor. *Id.* at 273 (Turney, J., concurring). As Justice Turney explained:

> The statute, by its terms, puts upon complainant the burden of showing that no one can be found who will administer. The law will not presume that no one will adminster. The complainant proposing to proceed under the statute must, by proof satisfactory to the court, bring himself within its provisions and show the fact made absolutely necessary by that statute to his procedure without an administrator. He has not done so, on the contrary, he files letters of administration, which defeats his right to proceed under the statute and stops there.

*Id.* Thus, Justice Turney interpreted the revivor statute as requiring an affirmative showing that no person is willing to administer the estate of the deceased. Without such a showing, the plaintiff in *Preston* was not entitled to revive the action against the heirs. Indeed, as Justice Turney pointed out, the plaintiff could not make the required showing that no one was willing to administer the estate of the deceased because an estate was eventually opened for the deceased and a personal representative appointed.

The Tennessee Supreme Court first applied the holding in *Preston* to the situation where the plaintiff died while the action was pending in *McDonald v. City of Nashville*, 114 Tenn. 540, 86 S.W. 317 (1905). In *McDonald*, the plaintiff filed a tort action against the city that was pending for several years. *Id.* at 317. While the case was pending, the plaintiff died and a suggestion of death was entered upon the record. *Id.* at 318. The trial court thereafter entered an order substituting the deceased plaintiff's next of kin as party plaintiffs. *Id.* After a verdict in favor of the city, the substituted plaintiffs appealed. *Id.* The Tennessee Supreme Court held, however, that it was not necessary to consider the substituted plaintiff's assignments of error, as they were not properly substituted as parties.

As the *McDonald* Court explained, after the death of the plaintiff, several months elapsed before the plaintiff's next of kin were substituted. Thereafter, the city moved to dismiss the case because "there had been no revivor in the name of the administrator within the time required by law." *Id.* The trial court denied the motion. The Supreme Court held, however, that the trial court erred in denying the motion based upon the precursor to Section 20-5-104 and the holding in *Preston,* reasoning that a claim "cannot be revived in the name of the heirs at law, unless some reason is shown why the revivor was not made in the name of the administrator; that is, unless it is shown that no person will administer on the estate of the deceased pursuant to the terms of section 4571[.]" *Id.* (citing Code Sec. 4571 ("If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent."); *Preston*, 80 Tenn. at 267–75)).

In a more recent case, **Guyear v. Blalock**, No. M2012-01562-COA-R3-CV, 2014 WL 3697564, at *4 (Tenn. Ct. App. July 23, 2014) (no perm. app. filed), this Court held that the plaintiff did not have standing to pursue a breach of contract action on behalf of her deceased husband under Tennessee Code Annotated Section 20-5-104. According to the Court, the wife was not the husband's sole heir and therefore was required to open an estate for her husband before "she would have had the right, and perhaps even the duty, to sue on behalf of his estate in order to collect any debts that were owed to her late husband." **Id.** at *4 ("The proper way to establish the respective rights of [husband's] heirs to his property would have been through the administration of his estate."). Because the wife chose not to follow the proper procedure, even after being informed that she was not a proper party to bring the lawsuit, the Court of Appeals affirmed the dismissal of her lawsuit for lack of standing. **Id.** at *5.

Here, Appellants filed a motion to be substituted as counsel within ninety days of the filing of the suggestion of death, as required by Rule 25.01. The motion for substitution, however, did not assert that no person was willing to administer the estate of Ms. Dubis. The motion was also not accompanied by any affidavits or other evidence tending to show that no person was willing to administer Ms. Dubis's estate. Moreover, as Justice Turney pointed out in his concurrence in **Preston**, Appellants cannot now assert that no one was willing to administer Ms. Dubis's estate because an estate was opened in Missouri and a personal representative was named. **See Preston**, 80 Tenn. at 273. As such, under the holding in **McDonald**, Appellants did not make the required showing in order for heirs to be substituted as parties pursuant to Tennessee Code Annotated Section 20-5-104. **See McDonald**, 86 S.W. at 318 (involving an identically worded statute).

Appellants contend, however, that the ninety day time period for allowing substitution should be extended and they should be allowed to substitute the estate's personal representative as the plaintiff based upon excusable neglect under Rule 6.02 of the Tennessee Rules of Civil Procedure. Rule 6.02 provides, in relevant part:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect[.]

Rule 6.02 (outlining various exceptions not applicable in this case). Thus, "[w]here an enlargement of time is requested after the original time has elapsed, Rule 6.02(2) requires the party requesting the enlargement to show that its failure was due to excusable neglect and that the opposing party has not been prejudiced." ***Williams v. Baptist Mem'l Hosp.***, 193 S.W.3d 545, 550 (Tenn. 2006) (citing ***Douglas v. Estate of Robertson***, 876 S.W.2d 95, 97–98 (Tenn. 1994)).

The Tennessee Supreme Court has largely adopted the definition of excusable neglect set forth by the United States Supreme Court. *See* ***Williams***, 193 S.W.3d at 551 (adopting the United States Supreme Court's "comprehensive framework" set forth in ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). As the Tennessee Supreme explained, excusable neglect occurs when:

> [A] party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control. . . . The former will almost always substantiate a claim of excusable neglect; the latter will not. However, neglect extends to more than just acts beyond a party's control and intentional acts. It encompasses "simple, faultless omissions to act and, more commonly, omissions caused by carelessness."

***Williams***, 193 S.W.3d at 551 (quoting ***State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.***, 56 S.W.3d 557, 567 (Tenn. Ct. App. 2001) (citing ***Pioneer***, 507 U.S. at 388)). In determining whether a failure was the result of excusable neglect, we will consider: "(1) the risk of prejudice to parties opposing the late filing, (2) the delay and its potential impact on proceedings, (3) the reasons why the filings were late and whether the reasons were within the filer's reasonable control, and (4) the good or bad faith of the filer." ***Williams***, 193 S.W.3d at 551 (citing ***Pioneer***, 507 U.S. at 395).

Whether the trial court errs in granting or denying an enlargement of time under Rule 6.02 is reviewed under the abuse of discretion standard. ***Williams***, 193 S.W.3d at 551. The trial court abuses its discretion when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. ***Id.*** (citing ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999)). The abuse of discretion standard does not permit an appellate court to substitute its judgment for that of the trial court. ***Williams***, 193 S.W.3d at 551 (citing ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 927 (Tenn. 1998)).

In this case, the trial court specifically found that Appellants did not demonstrate excusable neglect sufficient to justify an enlargement of time under Rule 6.02. The trial court, however, gave no rationale for its decision and none of the above factors required to be considered by our courts are expressly articulated or considered by the trial court in its order.

This Court has recently taken issue with a trial court's decision to grant a motion to dismiss without providing a sufficient explanation for the basis of its ruling. *See Huggins v. McKee*, No. E2014-00726-COA-R3CV, 2015 WL 866437, at *5 (Tenn. Ct. App. Feb. 27, 2015) (no perm. app. filed). Furthermore, we have previously held that without an appropriate rationale for the trial court's ruling, often "'we are unable to afford appropriate deference to the trial court's decision.'" *In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *5 (Tenn. Ct. App. Mar. 23, 2015) (no perm. app. filed) (quoting *In re Connor S.L.*, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012)). As such, we will independently review each factor to determine whether Appellant demonstrated excusable neglect.

Here, the parties focus on factor (3), "the reasons why the filings were late and whether the reasons were within the filer's reasonable control[,]" in their argument as to whether excusable neglect supports an enlargement of time in this case. *See Williams*, 193 S.W.3d at 551 (citing *Pioneer*, 507 U.S. at 395). Indeed, this Court has previously held that "the party's reason for failing to meet the deadline may be the single most important of the four factors and that the trial court should examine the proffered reason to determine '(1) whether the circumstances involved were under a party's own control . . . and (2) whether the party was paying appropriate attention to the matter in light of the surrounding circumstances.'" *Kenyon v. Handal*, 122 S.W.3d 743, 756–57 (Tenn. Ct. App. 2003) (quoting *Sizemore*, 56 S.W.3d at 569–70). Courts have described granting relief from filing deadlines under Rule 6.02 as "repair work when lawyers have good reasons." *Kenyon v. Handal*, 122 S.W.3d at 757 (citing *Day v. Northern Ind. Pub. Serv. Corp.*, 164 F.3d 382, 384 (7th Cir. 1999)).

To support their argument for an enlargement of time, Appellants assert that their counsel was not aware of the opening of the estate until the June 22, 2015 depositions of the Appellants because Appellants and counsel live in different states and had very little communication during the emotional time following the death of Ms. Dubis. Appellants also point out that they filed their motion for an enlargement of time a mere week after the first motion to dismiss was filed raising Appellants' failure to comply with Tennessee Code Annotated Section 20-5-104. Finally, Appellants note that they, in fact, filed their original motion for substitution within the ninety day time period proscribed by Rule 25.01, regardless of whether their motion contained a defect that prevented its effectiveness.

This court has described the concept of excusable neglect as "broad enough to apply to 'simple faultless omissions to act, and, more commonly, [to] omissions caused by carelessness.'" *Kenyon*, 122 S.W.3d at 756 (quoting *Pioneer*, 507 U.S. at 394). Thus, the excusable neglect concept may also apply to situations in which failure to comply with a filing deadline is attributable to a filer's negligence. *Kenyon*, 122 S.W.3d at 756; *see also Rutherford v. Rutherford*, 416 S.W.3d 845, 859 (Tenn. Ct. App. 2013); *Sizemore*, 56 S.W.3d at 567. Here, Appellants reasons for failing to meet the deadline are somewhat

tenuous, especially given that parties in different states can easily communicate in this day and age. However, there is nothing in this case to suggest that Appellants' failure to timely substitute the proper party was willful or egregious. *See **McBride v. Webb***, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (holding that excusable neglect will not be found sufficient to set aside a default judgment when a decision was strategic, egregious, or "not satisfactorily explained") (quoting ***SEC v. McNulty***, 137 F.3d 732, 738 (2d Cir. 1998)). The lack of communication between Appellants and counsel therefore must be attributed to, at the very least, utter carelessness on their part given the circumstances.

Despite the rather feeble excuse offered by the Appellants, we conclude that the other factors so heavily favor Appellants that a finding of excusable neglect is appropriate in this case. *See **Sizemore***, 56 S.W.3d at 567 (noting that the "circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case") (citing ***In re Keene Corp.***, 188 B.R. 903, 909 (Bankr. S.D. N.Y. 1995)). First, we note that Ms. Loyd does not assert anywhere in her brief that she would be prejudiced by allowing the proper plaintiff to be substituted beyond the ninety day time period allowed in Rule 25.01. Indeed, other than a few months of delay, it appears that allowing the proper party to be substituted will have little effect on this litigation. In addition, there is no allegation that Appellants or their counsel acted in bad faith relative to these proceedings. Instead, it appears that the issue in this case simply resulted from a misunderstanding regarding who the proper party was to be substituted in this case.

Although involving a wrongful death action rather than revivor, a similar situation was presented in ***Holley v. Blackett***, No. W2011-02115-COA-R3-CV, 2012 WL 4799053 (Tenn. Ct. App. Oct. 10, 2012). In ***Holley***, plaintiff husband filed a wrongful death healthcare liability action on behalf of his deceased wife. ***Id.*** at *1. While the cause was pending, husband died and the defendant filed a suggestion of death on the record. ***Id.*** Exactly ninety days later, husband's counsel filed a motion to substitute husband's minor child as the real party in interest, with the child's aunt to serve as next friend. ***Id.*** Defendant objected, alleging that aunt never agreed to serve as next friend of the child and, therefore, the motion for substitution was a nullity. ***Id.*** Counsel for the plaintiff child filed an amended substitution motion asking the trial court to appoint a guardian ad litem to serve as the child's next friend. ***Id.*** Eventually, the trial court entered an order dismissing the case on the basis that no proper substitution motion was filed within ninety days and that the failure to do so was not the result of excusable neglect. ***Id.*** at *2.

This Court reversed the judgment of the trial court and reinstated the plaintiff child's claim. First, we noted that the motion to substitute the child as the real party in interest was made within the ninety day time period allowed by Rule 25.01. ***Id.*** at *4. The substitution was not entirely proper, however, because the individual named as next friend had not consented to serving in that role. We noted, however, that the 25.01 time period could be

extended based upon excusable neglect, and therefore was not jurisdictional. The **Holley** Court referenced two considerations that supported reinstating the claim in that case. First, the Court noted Tennessee's policy "'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'" **Id.** (quoting **Jones v. Prof'l Motorcycle Escort Serv., L.L.C.**, 193 S.W.3d 564, 572 (Tenn. 2006)). Next, the Court observed that:

> "[T]he Tennessee Supreme Court has indicated a willingness to give plaintiffs more leeway when attempting to determine the proper party to file a wrongful death suit," as plaintiffs often encounter "'considerable difficulty in determining the proper party to file and prosecute the action.'" **Foster v. St. Joseph Hosp.**, 158 S.W.3d 418, 423 (Tenn. Ct.App. 2004) (quoting **Chapman v. King**, 572 S.W.2d 925, 928 n. 2 (Tenn. 1978)).

**Holley**, 2012 WL 4799053, at *4. Given these policy considerations and the fact that "'the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff and that such a substitution does not prejudice the defendant who has had notice from the beginning of the suit,'" **Id.** at *4 (quoting **Foster**, 158 S.W.3d at 424), the **Holley** Court held that the trial court erred in dismissing the wrongful death claim. **Holley**, 2012 WL 4799053, at *5.

The same is generally true in this case. First, like in **Holley**, Appellant's initial motion for substitution was filed within the appropriate ninety day time period. In both cases, however, the timely motion for substitution was not fully compliant with all applicable law. In **Holley**, the Court of Appeals found excusable neglect to support enlargement of the time period under Rule 25.01, even though there was a suggestion that plaintiff's counsel had acted in a "particularly disturbing" way with regard to preserving the child's recovery. **Id.** at *3 ("[W]e find it particularly disturbing that Attorney Thomas intended to contractually "bypass" the minor child by arranging for her recovery to go to others. However, we do not believe that it is appropriate for this Court to decide whether such behavior violated the Rules of Professional Conduct."). In this case, there is no implication that counsel for Appellants acted in any untoward fashion in filing the motion for substitution. Furthermore, like in **Holley**, there has been no suggestion that allowing substitution of Ms. Dubis's personal representative will prejudice Ms. Loyd, "who has had notice from the beginning of the suit" regarding the claim against her. **Id.** at *4. Under these circumstances, we likewise conclude that the trial court erred in denying Appellants' motion for an enlargement of time under Rule 25.01 to file a motion for substitution fully compliant with Tennessee Code Annotated Section 20-5-104 and thereafter dismissing this lawsuit.[4]

---

[4] In their brief, Appellants raise an argument that the estate in Missouri has no relevance to the instant case because "a foreign executor can neither sue nor be sued as such in this state." **Campbell v. Hubbard**, 79

## Conclusion

The judgment of the Shelby County Circuit Court is reversed and this cause is remanded to the trial court for all further proceedings as are consistent with this Opinion. Costs of this appeal are taxed one-half to Appellants Maureen T. Dubis and Chris T. Dubis, and their surety, and one-half to Appellee Yolanda Loyd, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

Tenn. 6, 8 (Tenn. 1883). We note, however, that the Opinion relied upon by Appellants specifically states that the predecessor to Tennessee Code Annotated Section 20-5-104 "equally appl[ies] where the persons by or against whom the revivor is sought are non-residents of the State." *Id.* Regardless, Appellants raise this argument only with regard to the issue of excusable neglect. Because we have found excusable neglect based upon other facts, we need not consider this argument. It is, therefore, pretermitted.