IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 4, 2022 Session

## BARBARA CUNNINGHAM v. FRESENIUS MEDICAL CARE, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 20C1114      Thomas W. Brothers, Judge**

_____

### No. M2021-01087-COA-R3-CV

_____

In this appeal arising out of a negligence action, the plaintiff died while the litigation was pending, and no motion for substitution of the plaintiff was filed within the ninety-day period following the filing of the suggestion of death as required by Tenn. R. Civ. P. 25.01. After the defendant filed a motion to dismiss, the plaintiff's counsel filed a motion to enlarge the time, pursuant to Tenn. R. Civ. P. 6.02. The trial court found no excusable neglect warranting enlargement of the ninety-day period and dismissed the action pursuant to Tenn. R. Civ. P. 25.01. The plaintiff appealed the trial court's denial of its motion to enlarge and the dismissal of the suit. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY W. ARMSTRONG, J., joined.

Terry Renease Clayton, Nashville, Tennessee, for the appellant, Barbara Cunningham.

Taylor Cates, Memphis, Tennessee, for the appellees, Fresenius Medical Care, Inc., and Dialysis Associates, LLC.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

While stepping off a scale at a dialysis clinic, Barbara Cunningham ("Plaintiff") tripped and fell, resulting in injuries. She filed suit against Fresenius Medical Care, Inc., asserting that it was liable for negligence and negligence per se for failing to maintain the clinic's floor in proper and safe conditions, failing to perform a routine inspection of its scale, and failing to take any precautionary measures to avoid the accident, as well as

failing to post proper signage warning of the dangerous condition. She sought damages in the amount of $500,000 for her injuries, loss of consortium, and diminution in her ability to enjoy life, as well as for her past and future pain, suffering, and medical expenses.

Dialysis Associates, LLC, ("Defendant") which operates the dialysis clinic under the assumed name of Fresenius Kidney Care Madison, answered, denying any negligence on its part and asserting several defenses including failure to state a claim, comparative fault, lack of actual or constructive notice of the condition, and assumption of the risk. Plaintiff then filed an amended complaint, naming Dialysis Associates, LLC, as a defendant and asserting negligence as the only cause of action.

While the lawsuit was pending, Ms. Cunningham passed away in October 2020 from causes unrelated to her fall. Plaintiff filed a suggestion of death on March 19, 2021. A case management order was entered on April 23, 2021, stating that the Plaintiff had filed the suggestion of death and "shall have ninety days thereafter by rule to substitute the estate as the party in interest."

Plaintiff filed no motion to substitute within the ninety-day period, which expired on June 17. On June 30, 2021, Defendant filed a motion to dismiss, pursuant to Tenn. R. Civ. P. 25.01, on the basis that no party in interest had been substituted within the ninety-day period provided by the rule. Approximately an hour after Defendant filed the motion, Plaintiff filed a Motion to Enlarge Time and Substitute the Estate of Barbara Cunningham for the Plaintiff, Barbara Cunningham. Despite how it is styled, the motion sought only an enlargement of time; it contained no request to substitute Plaintiff's estate for Plaintiff. For grounds, the motion stated that a petition to probate the estate of the decedent was filed on May 21, 2021, and "[t]he earliest day [the heir] could have a hearing to open [the estate of the] deceased Plaintiff, Barbara Cunningham, [was] July 29, 2021." The motion also stated that Defendant would not be prejudiced by the grant of an extension of time. The motion was supported by the affidavit of Plaintiff's counsel, who stated that he "didn't find heirs of the deceased Plaintiff until on or about April 13, 2021"; that he "file[d] the Petition to open the Estate [of] Barbara Cunningham on May 21, 2021"; and that "[his] office was not able to get a date for a hearing until July 29, 2021, unfortunately this date is beyond the 90 days to substitute [a] party."

The trial court entered an order denying the motion to enlarge the time period, on the basis that Plaintiff had failed to file a motion to substitute, despite the entry of a case management order stating that Plaintiff had ninety days from the notice of Plaintiff's death to substitute Plaintiff's estate and had failed to demonstrate that the failure was the result of excusable neglect, as required by Tenn. R. Civ. P. 6.02. Specifically, the trial court found that "Plaintiff's Counsel has failed to establish when he learned that the Petition Hearing would be set after the ninety day deadline, and has also failed to explain why a Motion to Enlarge Time was not filed until thirteen days after the ninety day window expired."

Plaintiff's counsel then filed a supplemental response, to which he attached his second affidavit, stating that "Plaintiff could not have properly substituted parties until an estate was open" and that Plaintiff's estate was opened on July 29, 2021. The court held a hearing and subsequently entered an order on August 18, 2021, granting the Defendant's motion to dismiss the complaint with prejudice pursuant to the plain language of Rule 25.01(1) and because the Plaintiff had not shown good cause to enlarge the ninety-day deadline.

Plaintiff appeals, stating the following issues for our review:

1. Whether the trial court erred in granting appellee's motion to dismiss?
2. Whether the trial court erred in denying appellant's motion for extension of time to move for substitution of Plaintiff?

## II. ANALYSIS

When a party to a negligence lawsuit dies, the action does not abate. Tenn. Code Ann. § 20-5-102 (providing that claims "founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff" do not abate by the death of the party wronged, but "may be revived," with the right of action passing "in like manner as the right of action described in § 20-5-106"). Tennessee Rule of Civil Procedure 25.01(1) provides the procedure for the substitution of a party upon a suggestion of death:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

"Rule 25.01 clearly directs the dismissal of an action if no motion for substitution of parties is made within 90 days after suggestion of death upon the record." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994). However, Tenn. R. Civ. P. 6.02 vests the trial court with the discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure. Rule 6.02 states in pertinent part:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice[,] order the period enlarged if request therefore is

made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure was the result of excusable neglect . . .

This Court has held that Rule 25.01 should be construed in conjunction with Rule 6.02(2) to allow substitution of parties after the directed ninety days in instances of excusable neglect and where the opposing party has not been prejudiced by the delay:

> Since federal rule 6(b)(2) is identical to 6.02(2) Tenn. R. Civ. P., we think our Rule 25.01 should be construed to allow substitution of parties after the ninety day period has run if the failure to move within the period is the result of excusable neglect. As is generally true, the kind of excuse that will satisfy this requirement is a function of the length of time that has passed and the possible harm to the opposite party.

*Wagner v. Frazier*, 712 S.W.2d 109, 113 (Tenn. Ct. App. 1986). Thus, "[w]here an enlargement of time is requested after the original time has elapsed, Rule 6.02(2) requires the party requesting the enlargement to show that its failure was due to excusable neglect and that the opposing party has not been prejudiced." *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 550 (Tenn. 2006) (citing *Douglas*, 876 S.W.2d at 97-98).

In *Williams*, the Tennessee Supreme Court adopted the United States Supreme Court's "most authoritative explanation of excusable neglect":

> [A] party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control . . . . The former will almost always substantiate a claim of excusable neglect; the latter will not. However, neglect extends to more than just acts beyond a party's control and intentional acts. It encompasses "simple, faultless omissions to act and, more commonly, omissions caused by carelessness."

*Id.* at 550-51 (quoting *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557, 567 (Tenn. Ct. App. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993))). When determining whether missing a deadline was the result of excusable neglect, courts must consider these factors: "(1) the risk of prejudice to parties opposing the late filing, (2) the delay and its potential impact on proceedings, (3) the reasons why the filings were late and whether the reasons were within the filer's reasonable control, and (4) the good or bad faith of the filer." *Id.* at 551 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). Overall, "[f]inding whether neglect is excusable is an equitable determination 'taking account of all relevant circumstances

surrounding the party's omission.'" *Sizemore*, 56 S.W.3d at 567 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## A.  The Motion to Enlarge

We first take up the second issue Plaintiff raises and review the trial court's denial of the motion to enlarge. A trial court is "afforded broad judicial discretion in procedural matters in order to expedite litigation and to preserve fundamental rights of the parties." *Douglas*, 876 S.W.2d at 97. Thus, we review a trial court's decision to grant or deny an enlargement of time pursuant to Rule 6.02 for an abuse of discretion. *Dubis v. Loyd*, 540 S.W.3d 4, 12 (Tenn. Ct. App. 2016) (citing *Williams*, 193 S.W.3d at 551). An abuse of discretion occurs when a trial court "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard, we do not substitute our judgment for that of the trial court and will not reverse a trial court's discretionary decision "'so long as reasonable minds can disagree as to propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

In denying the motion to enlarge the time for filing the motion to substitute, the trial court cited applicable law and stated its reasoning:

> [T]he Court finds that Plaintiff's Counsel learned of Plaintiff's death by March 19, 2021, and filed an appropriate Notice of Suggestion of Death. Plaintiff[] was also fully aware that the Plaintiff s Estate was required to be substituted within ninety days of the Notice as set forth in the First Case Management Order. Furthermore, the Court acknowledges and accepts Plaintiff's Counsel's assertions that Plaintiff's heir could not be located April 13, 2021 and that the Petition to Open the Plaintiff's Estate could not be heard until July 29, 2021.
>
> However, Plaintiff's Counsel has failed to establish when he learned that the Petition Hearing would be set after the ninety day deadline, and has also failed to explain why a Motion to Enlarge Time was not filed until thirteen days after the ninety day window expired, and after the Defendant filed a Motion to Dismiss. As such, the Court finds that the Plaintiff has failed to meet the burden of demonstrating that the failure to take timely action is the result of excusable neglect.

Plaintiff takes issue with one factual finding of the trial court, arguing on appeal that "[t]he trial judge counted the days on the calendar an[d] possibly assumed that Counsel knew when the Appellant died. . . . There is nothing in the record that will support the judge's conclusion that counsel for Appellant kn[e]w when the Appellant died." However,

the trial court's rather innocuous finding—that Plaintiff's counsel learned of the death "by March 19, 2021," the date that the notice of suggestion of death was filed—is fully supported by the record. It is undisputed that Plaintiff's counsel himself filed the notice of suggestion of death, so Plaintiff's counsel was obviously aware of the Plaintiff's death at that point.

In making its ruling, the trial court did not identify or discuss all four excusable neglect factors set forth in *Williams*. In *Valentine v. Holt*, the trial court failed to discuss all the factors outlined in *Williams*; however, on appeal, this Court undertook an independent review of the four factors. No. E2019-00186-COA-R3-CV, 2020 WL 373338, at \*3 (Tenn. Ct. App. Jan. 22, 2020). We do likewise and find that, relative to the first, second, and fourth factors, there is no evidence in the record that the Defendant would be prejudiced by the delay, that the delay would have a significant impact on proceedings, or that Plaintiff was acting in bad faith.

The third factor—the reasons why the filings were late and whether the reasons were within the filer's reasonable control—appears to primarily be in play (as it usually is):

> This Court has previously held that "the party's reason for failing to meet the deadline may be the single most important of the four factors and that the trial court should examine the proffered reason to determine '(1) whether the circumstances involved were under a party's own control . . . and (2) whether the party was paying appropriate attention to the matter in light of the surrounding circumstances.'" *Kenyon v. Handal*, 122 S.W.3d 743, 756-57 (Tenn. Ct. App. 2003) (quoting *Sizemore*, 56 S.W.3d at 569–70). Courts have described granting relief from filing deadlines under Rule 6.02 as "repair work when lawyers have good reasons." *Kenyon* [], 122 S.W.3d at 757 (citing *Day v. Northern Ind. Pub. Serv. Corp.*, 164 F.3d 382, 384 (7th Cir. 1999)).

*Dubis*, 540 S.W.3d at 13.

Plaintiff's counsel's first affidavit states that he did not find the heirs of the deceased Plaintiff until April 2021, that another month passed before he filed the petition to open Ms. Cunningham's estate, and that the hearing in probate court was set for July 29, 2021. His second affidavit establishes that he became aware on June 11 that the estate would not be opened within the ninety-day period. Neither the record nor Plaintiff's brief explains why her counsel failed to notify the trial court of the difficulties he was having in contacting Plaintiff's heirs or of the backlog in probate court once he became aware of it on or around June 11, 2021, which was still within the ninety-day period provided for in Rule 25.01. While the backlog in probate court was not within Plaintiff's counsel's control, his failure to file the motion to enlarge upon becoming aware of that backlog was. And we cannot overlook the fact that Plaintiff's counsel took it upon himself to file the notice of

suggestion of death, which started the running of the clock from which he sought an escape. Had he filed the motion to enlarge the time upon learning of the probate court's backlog, then no showing of excusable neglect would have been required, pursuant to Tenn. R. Civ. P. 6.02. But because he did not file the motion to enlarge until after the expiration of the ninety days, he was required to demonstrate excusable neglect.

During argument before the trial court on the motion to dismiss, Plaintiff's counsel called it an "oversight" that the motion to enlarge was belatedly filed and, in the brief on appeal, states that he "simply did not attend to filing their Motion for an Extension of time to Substitute Parties." However, "[a]n attorney's mere oversight or negligence, without more, does not automatically amount to excusable neglect." *Ferguson v. Brown*, 291 S.W.3d 381, 388 (Tenn. Ct. App. 2008). "The courts have been reluctant to find excusable neglect in circumstances where called-for action was under the control of the party seeking relief and that party failed to act reasonably to make sure that the act was performed." *Sizemore*, 56 S.W.3d at 570. Plaintiff's counsel was aware of the approaching deadline to substitute from the day he filed the notice of suggestion of death but failed to file a motion to substitute the plaintiff or a motion to enlarge the time within those ninety days. This is problematic because Plaintiff's counsel knew that the backlog in probate court would prevent the estate from being opened prior to the running of the ninety days and yet still failed to file anything with the trial court. This is a case where the party was not "paying appropriate attention to the matter in light of the surrounding circumstances." *Dubis*, 540 S.W.3d at 13 (quoting *Kenyon*, 122 S.W.3d at 756-57).

When Plaintiff's counsel finally moved to enlarge the time, he did not provide information explaining why he failed to file the motion to enlarge prior to the running of the ninety-day period. While silent on the reasons for failing to timely file a motion to enlarge, Plaintiff's counsel's affidavits and arguments on appeal, primarily in the reply brief, make clear that counsel believed that the estate had to be opened and a personal representative had to be appointed before a motion could be filed on the personal representative's behalf seeking substitution. For example, in the reply brief, it is argued, "The Appellant did not have a party with standing to . . . file a motion to Substitute the deceased Plaintiff Barbara Cunningham prior to the expiration of the 90 days as required by Rule 25.01." This position is based on a mistaken view of what Rule 25.01 requires.

Rule 25.01 requires that a motion to substitute be made by "any party or by the successors or representatives of the deceased party." We do not read in Rule 25.01 a requirement that an estate has to be opened in order to make the motion, and the courts have been lenient in allowing substitutions even when the wrong party is named. *See Dubis*, 540 S.W.3d at 15; *see also* Tenn. R. Civ. P. 17.01. While it may be the normal course to wait until the estate is opened before filing the motion to substitute, Plaintiff's counsel could have filed the motion and explained the state of the estate proceedings in probate court since the ninety-day deadline would pass prior to the probate court's hearing. At the very least, Plaintiff should have filed a motion to enlarge upon learning of the probate

court's backlog, explaining why he believed the motion to substitute could not yet be filed and requesting an extension of time.

Whether a mistake of law qualifies as excusable neglect in the context of applying Rule 6.02 and Rule 25.01 has not been explicitly addressed in any case cited by the parties or that our research has found. However, in the context of declining to grant relief pursuant to Rule 6.02 to extend the statute of limitations in a comparative fault case, this Court has stated that a mistake of law regarding counsel's interpretation of Tenn. R. Civ. P. 6.05 did not provide a basis for relief. *Halstead v. Niles Bolton Assocs.*, No. 01-A-01-9503-CV00113, 1996 WL 50861, at *3 (Tenn. Ct. App. Feb. 9, 1996). In the context of whether to set aside a final judgment on the basis of excusable neglect pursuant to Rule 60.02, this Court has held that ignorance of the law is not a ground for relief: "[i]t is well established that *ignorance of the law is not excusable neglect* or a proper ground for relief under Tenn. R. Civ. P. 60.02." *McBride v. Webb*, No. M2006-01631-COA-R3CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (citing *Food Lion, Inc. v. Washington Cty. Beer Bd.,* 700 S.W.2d 893, 896 (Tenn. 1985); *Kilby v. Sivley,* 745 S.W.2d 284 (Tenn. Ct. App. 1987)) (emphasis added). We find instructive the following analysis from *Food Lion*, in which the Tennessee Supreme Court considered whether to set aside a final judgment on the basis of excusable neglect pursuant to Rule 60.02:

> Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable.

46 AM.JUR.2d 874-75 *Judgments* § 718 (1969); *Dudley v. Stiles,* 386 P.2d 342 ([Mont.] 1963).

Therefore, the fact that the defendant board was represented by a busy lawyer is no ground for Rule 60.02 relief. We further hold that if, as the trial court found, "the real reason that relief was not sought . . . before the expiration of 30 days after the judgment was entered" is that defendant's counsel "was uncertain as to how to proceed" this excuse, too, fails to satisfy the requirements of Rule 60.02 for abrogating a final judgment as was done by the trial court in this case. If this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground.

700 S.W.2d at 896.

In this case, we conclude that counsel's mistaken view of what Rule 25.01 requires does not constitute excusable neglect. Plaintiff's counsel's initial affidavit establishes only that Plaintiff knew that the petition to open Plaintiff's estate would not be heard until after the expiration of the ninety days. Even Plaintiff's counsel's second affidavit does not assist him; it establishes that Plaintiff's counsel knew within the ninety-day period that the probate matter would not be heard and yet still does not explain why he was dilatory in filing the motion to enlarge. His mistaken view of the law does not qualify as excusable neglect, and he has alleged no other facts that would support a finding of excusable neglect. Because excusable neglect was not demonstrated, we discern no abuse of discretion and affirm the trial court's denial of the motion to enlarge.

## B. The Motion to Dismiss

We next turn to whether the court correctly dismissed the case pursuant to Rule 25.01. We review the application of the law to the facts de novo, giving no presumption of correctness to the trial court's conclusions, because it is a question of law. *Sallee v. Barrett*, 171 S.W.3d 822, 825 (Tenn. 2005). Rule 25.01 "embodies a[n] unambiguous procedural mechanism for the dismissal of civil actions *when the trial court determines that, in the absence of excusable neglect, a party has failed to file a timely motion for substitution of party* following the filing of a suggestion of death." *Chase v. Ober Gatlinburg, Inc.*, No. E2020-00649-COA-R3-CV, 2021 WL 3702081, at *4 (Tenn. Ct. App. Aug. 20, 2021) (quoting *Dobbins v. Green*, No. W2012-00460-COA-R3-CV, 2013 WL 1149574, at *4 (Tenn. Ct. App. Mar. 20, 2013)), *appeal denied* (Dec. 8, 2021); *see also Williams v. Williams*, No. E2012-00162-COA-R3CV, 2012 WL 3986328, at *2 (Tenn. Ct. App. Sept. 12, 2012) (quoting *Sowell v. Estate of Davis*, No. W2009-00571-COA-R3-CV, 2009 WL 4929402, at *3 (Tenn. Ct. App. Dec. 21, 2009) ("[T]he plain language in Rule 25.01 mandates a dismissal for failure to comply with the Rule's requirement that a proper party be timely substituted for a deceased party.")).

In this case, Plaintiff did not file a motion to substitute within the ninety-day period and failed to establish excusable neglect that would excuse such a failure. The trial court properly dismissed the action pursuant to Rule 25.01.

## III. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Barbara Cunningham, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE